WOODS, Circuit Judge,
after making the foregoing statement, delivered the opinion of the court.
*205 If it were true, as contended, that the policy upon the life of Jacobus had lapsed for every purpose, and that, when he died, he was simply an applicant for insurance, under a new policy, as if he had never before been a member of the association, it would seem to follow necessarily that the decree of the circuit court was wrong, though it is urged, on the other hand, that, under the circumstances, the last application should be deemed to have been made in order to obtain reinstatement under the lapsed policy, and not to procure the execution of a new one, and that on that theory the provision in the printed part against liability before actual issue of the policy would be inapplicable and without significance. That question it is not necessary to decide. It is not true, as asserted, that, under the lapsed policy, “there were no contractual relations between the company and Jacobus.” At the end of 10 days from March 3d, when notice of the assessment was mailed, the policy ceased to be effective as a contract of insurance; but for 20 days longer there was an absolute right to procure reinstatement “by the payment of all arrearages,” and even after that, time, under the resolution of the board of directors, the same privilege was allowed to one who had “furnished a certificate of good health signed by himself, and also a medical examination” satisfactory to the company. Jacobus complied fully with all these requirements. He sent the requisite sum of money and a certificate of good health and a medical examination, to neither of which was there made at the time, nor has there been suggested since, any objection. By the letter of April 3d he was told that his policy had been canceled, and that he would “now be required to furnish a new medieal examination satisfactory to the company, and sign the certificate of good health as per inclosed forms.” He was not told, and could not properly have been told, that any new application was necessary, and the failure of the company’s medical director to pass on the examination because of its “not being accompanied by an application,” and the statement in the letter of May 3d that the examination had been received too late to be accepted as a basis of reinstatement, because the policy had been canceled, were without justification, and therefore without effect to hinder the reinstatement of the policy. The money to pay arrearages was already in the possession of the company, and it does not appear that there was unreasonable delay in forwarding the required certificate of health and medical examination. The certificate and the examination in form and substance were unobjectionable, and if the medical director of the company had examined the latter, as it was his duty to do, he must have approved it. He could not have rejected it upon capricious grounds. Miesell v. Insurance Co., 76 N. Y. 115. It follows that, upon the receipt by the company of the certificate and the examination, the right of reinstatement was complete, and that, in the contemplation of equity, the lapsed policy was revived, as effectually as if a certificate of reinstatement had been issued or an entry of like purport made upon the books of the company.
It is said that Jacobus acquiesced in and agreed to the statement that his former policy had been canceled, and that his only *206 method of again becoming insured was by means of a new application and a new policy. If the new policy had been issued and accepted, there would doubtless have been a waiver of all rights under the old one, but, the negotiations for new insurance having failed, there is in the situation no element of estoppel which could have barred the assertion by Jacobus, or can now bar the assertion by his widow, that the lapsed policy had been revived. In no respect is the company in a worse position on account of the new application.
The objection is made that the decree proceeds on the theory of a new application for a new policy, and not of a renewal or reinstatement of the lapsed one; but that is not clearly so, and the objection does not go to the merits. In substance, the decree is right, and therefore is affirmed.