ELMER E. CARMICHAEL v. W. F. PIERCE AND A. O. LUND.

(Filed June 6, 1900.)

1. FORCE AND EFFECT OF THE DECISION OF THE PROBATE COURT. Under the statutes of this territory proceedings in the probate court, when exercisnig jurisdiction concurrent with the district court, are considered in the same manner and with like intendment as the proceedings of courts of general jurisdiction, and its records, orders, judgments and decrees are accorded like force, effect and legal presumption as the records, orders, judgments and decrees of the district court.

2. QUESTIONS OF FACT. Where the matters involved in a decision in the district court are purely questions of fact, and the jury is waived, and the cause submitted to the court, the decision will not be disturbed by this court if the evidence reasonably tends to support the judgment of the court.

(Syllabus by the Court.)

*Appeal from the District Court of Kay County; before Bayard T. Hainer, District Judge.*

*Chas. J. Peckham* and *Ed. L. Peckham,* for plaintiff in error.

*Fuller and Hargis,* and *W. C. Tetirick,* for defendants in error.

This case is brought to this court to review a certain judgment and proceedings had in the district court of Kay county, in an action in which the plaintiff in error was plaintiff, and the defendant in error was defendant. The action in the court below was replevin, to recover the possession of a certain quantity of wheat which the plaintiff claims he was the owner of, and of which he was entitled to the possession, and that said possession was unlawfully and wrongfully detained from him by the defendants. The case was heard and tried by the court, trial by jury having been waived by the parties. The court rendered decision in favor of the defendants, and made an order for the return of the property, or the value thereof. Plaintiff filed a motion for a new trial, which was overruled. To which overruling of the motion for a new trial and to the judgment of the court the plaintiff excepted, and brings the cause here on appeal.

Opinion of the court by

Irwin, J.: The first assignment of error is that the court rejected material and competent evidence offered on the part of the plaintiff. We have examined the brief of counsel for plaintiff in error, in this particular, and do not think that this contention can be maintained for the reason that an examination of the record will show that

—12

while the testimony complained of as having been excluded was excluded as to one witness, to-wit: the plaintiff in error, E. E. Carmichael, who the court refused to allow to testify to a conversation had with his mother when she came from Oklahoma to Chautauqua county, Kansas, as the agent of his father, from whom he claimed to have leased the premises. The court subsequently permitted this same identical conversation to be given in evidence by the witness Mary A. Carmichael, the mother of the plaintiff in error, and also permitted W. P. Carmichael, the father of the plaintiff in error, and from whom he claimed to have leased the premises, to testify to the word sent to his son in Chautauqua county, Kansas, and we think an examination of the entire record will show that this objection and assignment of error, and the second assignment of error, to-wit: that incompetent and irrelevant testimony was admitted by the court, on the part of the defendant, cannot be sustained, as from a full examination of the record we are fully satisfied with the holdings of the court in this regard.

Another assignment of error is urged as a part of the second assignment of error ,that the execution under and by virtue of which the defendant Lund, as deputy sheriff, levied upon the wheat in question was upon a judgment rendered in the probate court, and the only record introduced to sustain this judgment in the trial court was the journal entry of the judgment, for the sum of five hundred twenty-three and 96-100 dollars and cents, and the execution based thereon. After a careful examination of the statute we are satisfied that this is all that the law required, and we think that the admissions contained in the reply brief of counsel for plaintiff in error fully sustains this position.  This cause depends entirely for a de-

cision upon the good faith of the transaction between the plaintiff in error, E. E. Carmichael, and his father, W. P. Carmichael, in the contract or leasing of the premises on which the wheat in question was raised. If the said leasing was honest and in good faith, then the wheat was the property of the plaintiff in error, and he was entitled to the possession thereof, and should recover in this suit. On the other hand if the transaction was fraudulent, and not in good faith, and was done for the purpose of covering up the property of W. P. Carmichael to hinder and delay the collection of this judgment, then the decision of the lower court was right. On this question an examination of the record will show that there was a contrariety of evidence.

The trial court had the witnesses before him, had a chance to see their manner and demeanor on the stand, and had many ways of determining the truth or falsity of their statements, which this court, from viewing this case as put on paper, does not have; and after a full and careful examination of the entire record, we are not prepared to say that the evidence does not reasonably sustain the finding of that court; and the rule laid down by this court in a number of cases is, that in questions of fact the verdict of a jury will not be disturbed if the evidence reasonably tends to support the verdict, and we can see no reason why the same rule should not be applied to a trial by the court where the jury is waived. An examination of the record does not disclose that any injustice has been done, and we fail to find any error in the rulings of the court. For these reasons the judgment of the lower court will be affirmed.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.