## METCALF v. GLAZE.

No. 8013—Opinion Filed May 21, 1918.

Rehearing Denied June 11, 1918.

(173 Pac. 446.)

### Pleading—Inconsistent Defenses.

In an action for damages alleged to have been caused by an obstruction to the channel of a water course, thereby diverting the flow to the detriment of the plaintiff, it is permissible for the defendant to deny the existence of a water channel or that he had placed any obstruction therein, and to further plead that he had placed some embankment on his own land, but same was not in the channel, nor did it divert the water, and that he had maintained the same for more than 20 years, and had acquired the right by prescription to so maintain it, and under the evidence here the instructions of the court were authorized.

(Syllabus by Hooker, C.)

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

Suit for injunction and damages by B. R. Metcalf against Samuel H. Glaze. Judgment for defendant, and plaintiff brings error. Affirmed.

Titus & Talbot, for plaintiff in error.

Parker & Simons, for defendant in error.

Opinion by HOOKER, C. Metcalf sued Glaze to recover damages caused by an overflow of water which he asserts was diverted from its usual and natural channel by obstructions alleged to have been placed therein by defendant.

The petition alleges that plaintiff and defendant owned adjoining farms in Alfalfa county with a public highway between, plaintiff's land lying east, and defendant's west of said highway; that a natural water course carrying water only in times of heavy rainfall takes its rise in the hills south of said land, runs north, crossing the eastern part of defendant's land, and prior to the acts complained of carried all the water which was wont to flow along and down its channel without injury to plaintiff's land or property; that about the year 1906, defendant obstructed said water course by plowing the banks and filling in the channel and by constructing dams and ditches so that the water, instead of following the channel of said water course across defendant's land as it was wont to do, was thereby diverted and caused to overflow the lands of plaintiff, washing away the soil, injuring his crops and other property; that in the year 1913, on account of a heavy rainfall, and the obstructions of said water course as aforesaid, plaintiff's land and property was damaged in the sum of $1,049, for which he prays damages and injunctive relief.

The defendant denied the existence of any channel upon his lands, and denied that he had done anything to divert the flow of water from its channel or to cause the same to flow on plaintiff's land, but further alleged that in 1895 he plowed some furrows and made some embankment to protect some

wells on his farm, but denied that the same caused plaintiff any injury, and that these furrows and embankment had been erected by him and maintained by him on his land for more than 20 years, and thereby had acquired the right by prescription.

There was a sharp conflict in this evidence here as to every issue, i. e.; (1) As to the existence of a water course through defendant's land; (2) whether defendant had obstructed its flow so as to cause the water to flow through plaintiff's land; (3) whether, if any impediment had been made by defendant, the defendant had acquired a right by prescription by using and maintaining the same for 20 years.

No complaint is made here as to the instructions of the court being a correct statement of the law, but it is asserted that the instructions applicable to the acquisition of the right by prescription should not have been given for the evidence does not justify them. The theory of the plaintiff in error is that the right by prescription, like title by adverse possession, can only be acquired by adverse use, etc., and that, inasmuch as defendant denied making any impediments upon his land which diverted the flow of water from its channel, he could not acquire any right by prescription, nor should he be heard to assert that he has acquired a right to maintain something which he contends he never constructed or made.

Plaintiff in error fails to comprehend the pleadings and the evidence.

The defendant asserted that he had made no impediments as charged by plaintiff, that the embankment erected by him did not cause plaintiff any damage, and denied that there was any channel across his land, and further asserted that, inasmuch as this embankment had been made by him for more than 20 years and so maintained, he acquired a right by prescription, and the jury found in his favor. These issues were presented to the jury under proper instructions, and the evidence is sufficient to uphold the verdict.

The defenses relied upon by defendant were not consistent, but, if so, same is permissible under our practice, unless prohibited by statute. Covington v. Fisher, 22 Okla. 207, 97 Pac. 615; Clowers v. Snowden, 21 Okla. 476, 96 Pac. 596.

One, by a long-continued use of dams or embankments upon his own land which obstructs or changes the flow of water, may acquire a right by prescription thereto, provided, however, that the requirements of the

law are satisfied, that is, continued uninterrupted adverse use thereof for the requisite length of time. Gould on Waters, § 329, and others.

The judgment is affirmed.

By the Court: It is so ordered.