**THOMPSON et al. v. RHYNER et al., Board of Com'rs of Nowata Co.**

No. 11173—Opinion Filed Dec. 7, 1920.

Rehearing Denied May 9, 1922.

(Syllabus.)

**1. Pleading—Answer—Inconsistent Defenses.**

A defendant may set up as many inconsistent defenses in his answer as he thinks proper, and it is not a legal ground to strike an amended answer filed by leave of the court, that the amended answer is inconsistent with the defenses set up in the original answer filed in the case, or is a departure from the defenses set up in the original answer.

**2. Mandamus—Pleading—Erroneous Rulings —Effect.**

As under the statute the only pleadings allowed in an action of mandamus is the writ and answer; it is therefore not prejudicial error to overrule a demurrer to an amended answer filed in a mandamus case.

**3. Pleading—Answer—Departure.**

The rule of a pleading as to the result of an entire departure by an amended petition of the cause of action alleged in the original petition does not apply to answers.

Error from District Court, Nowata County; C. W. Mason, Judge.

Proceeding in mandamus by J. T. Thompson and others against the Board of Commissioners of Nowata County to compel the selection of a site and the building of a schoolhouse for the separate colored school of Consolidated District No. 1 of Nowata County. Judgment for defendants, and plaintiffs bring error. Affirmed.

W. H. Van, for plaintiffs in error.

No appearance made nor brief filed by attorneys for defendants in error

COLLIER, J. The plaintiffs in error, J. T. Thompson. Walter French et al., hereinafter styled plaintiffs, filed a petition for and secured an alternative writ or mandamus against J. J. Rhyner, B. F. Devan, and James Harrison, constituting the board of county commissioners of Nowata county, hereinafter styled defendants.

On the 10th day of July, 1919, the alternate writ of mandamus was issued and served upon the defendants, and commanding as follows:

"Ordered, considered, and adjudged, that you, J. J. Rhyner, B. F. Devan, and James Harrison, board of county commissioners of Nowata county, state of Oklahoma, defendants, and each and all of you are, hereby commanded that immediately after the receipt of this writ you provide a school site and building for the separate school in consolidated district number 1 for the accommodation of the colored children living therein such as the law contemplates, and make a proper and sufficient estimate upon which a tax may be levied sufficient to maintain and support said school, or that you and each and all of you. the said defendants. appear before this court on or before the 16th day of July, 1919, to show cause for your refusal so to do. and that you then and there return this writ together with all proceedings thereunder."

The answer filed by defendants omitting the caption, reads as follows:

"Comes now defendants in the above entitled cause by their attorney, C. F. Gowdy, and for answer to plaintiff's petition, states:

"1. That it is admitted that school districts Nos. 16, 17, 21, and 22 in said county have been consolidated and the said territory now comprises one district, to wit, Consolidated School District No. 1.

"2. That in the opinion of the county superintendent a two-room schoolhouse with two teachers in the city of Lenapah, one-room schoolhouse with one teacher at Hickory is and will be sufficient to take care of the colored or separate school district No. 1, and the board of county commissioners expect to and will make estimate sufficient to carry on such schools, including necessary buildings."

The defendants, by leave of the court, filed an amended answer, which, omitting the caption, is as follows:

"Comes now the defendants as the board of county commissioners of Nowata county, Oklahoma, and for their amended answer to plaintiff's petition herein, states:

"1. That they deny each and every material allegation in plaintiff's petition, except such as are hereinafter specifically admitted.

"2. Defendants admit that districts Nos. 16, 17, 21, and 22 in Nowata county have been consolidated and that the territory formerly embraced in said district now comprises one district, which is Consolidated District School No. 1.       ___

"3. Defendants admit that the colored pupils in Consolidated District No. 1 are fewer than the white children and that they therefore constitute the minority or separate school.

"4. The defendants further say that they have in Consolidated District No. 1 three buildings, which are adequate for the separate schools, and that there has been or is being provided four teachers, as follows, to wit: Two who are to teach in the town of Lenapah, one to teach in the schoolhouse known as Hickory School, and one in the schoolhouse known as Gooseneck School.

"5. The defendants further say that the estimates for the maintenance of the separate school, including four teachers and three buildings, have been made and that the teachers in the separate schools, will receive generally the same compensation and have the same qualifications as the teachers in the white schools, and that the educational facilities for the colored children are and will be provided as contemplated by law."

On the hearing of said cause, a bill of exceptions which was signed by the judge, omitting the caption, reads as follows:

"On the 28th day of July, 1919, this cause coming on for hearing upon the returned writ of mandamus heretofore issued, plaintiffs moved to strike the amended answer and moved for a peremptory writ of mandamus, both of which motions were overruled and plaintiffs excepted; thereupon plaintiffs demurred to the amended answer, which demurrer was also overruled, to which overruling plaintiffs also excepted. The plaintiffs introduced their evidence and rested their case, the defendants introduced their evidence and rested their case; and thereupon the judge of the said court found that defendants have shown sufficient cause as required in alternative writ of mandamus and further finds that the peremptory writ of mandamus should be denied and ordered, adjudged and decreed, and the same is hereby denied, to which ruling the plaintiffs excepted; thereupon the plaintiffs gave notice in open court of their intention to appeal to the Supreme Court and afterwards perfected this appeal."

Section 4915, Rev. Laws of 1910, in mandamus proceedings, provides:

"No other pleading or written allegation is allowed than the writ and answer; these are the pleadings in the case, and have the same effect, and are to be construed and may be amended in the same manner, as the pleadings in a civil action, and the issues thereby joined must be tried, and the further proceedings thereon had, in the same manner as in a civil action."

It was not permissible to interpose the demurrer to the amended answer in this case, as the pleadings in mandamus are confined, as shown by said section 4915, Rev. Laws, supra, to the writ and answer, and the court did not err in overruling said demurrer. However, it would have been the better practice, we think, to have stricken such demurrer from the files.

The motion of plaintiffs to strike said amended answer from the files upon the ground that it was inconsistent with, and a departure from, the defense set up in the original answer, is without force, as the defendant may set up in his answer as many grounds of defense, though inconsistent defenses, as he thinks proper, and the fact that the amended answer was inconsistent with, and a departure from, the original answer, was not a ground for striking said amended answer, and the court did not err in refusing to strike said amended answer from the files.

"Inconsistent defenses are permissible under the practice in Oklahoma unless prohibited by statute." Metcalf v. Glaze, 70 Oklahoma, 173 Pac. 446.

"Even if defenses are inconsistent, unless expressly prohibited by statute, they may

still be united in one answer, and the pleader cannot be compelled to elect between such defenses." Emerson-Brantingham Imp. Co. v. Ware, 71 Oklahoma, 174 Pac. 1066.

It is not shown that any of the defenses set up in the amended answer in this case are "expressly prohibited by statute."

In the amended answer it is averred:

"That they have in Consolidated District No. 1 three buildings which are adequate for the separate schools, and that estimates for the maintenance of separate schools have been made, and that the teachers in the separate schools will receive generally the same compensation and have the same qualifications as the teachers in the white school, and that the educational facilities for the colored children are and will be provided as contemplated by law."

It is true that the journal entry shows that each, the plaintiffs and the defendants, introduced evidence on the hearing, but the record does not disclose what such evidence was, and we must therefore, presume that there was evidence establishing the averments in said amended answer.

The averments in the amended answer of the defendants state a valid and legal reason why the things commanded by the alternative writ of mandamus should not be performed by defendants and a peremptory writ of mandamus should not be awarded.

We are of the opinion that the court did not commit error in denying a peremptory writ of mandamus in this case, and its judgment is therefore affirmed.

All the Justices concur.