**ROSEBAUGH et ux. v. JACOBS.**

No. 10033—Opinion Filed April 12, 1921.

Rehearing Denied May 10, 1921.

Application to File 2d Petition for Rehearing Denied Oct. 25, 1921.

(Syllabus.)

1. **Mortgages—Whether Transaction is Mortgage—Intent.**

Whether any particular transaction amounts to a mortgage, or a sale upon condition, or with agreement to reconvey upon a contingency, is to be determined by ascertaining whether the transaction was intended as a loan. If there remains a debt for which the conveyance was only a security, and the collection of which may be enforced independently of the security, the whole transaction amounts to a mortgage, whatever language the parties may have used in expressing their agreement. In such cases, it matters not that the transaction is evidenced by one or more instruments, or what the writings may or may not show, if, nevertheless, the agreement 'in fact exists. The real intention of the parties, either as shown upon the face of the writing, or as disclosed by extrinsic evidence, must govern in equity.

2. **Pleading—Inconsistent Defenses.**

Inconsistent defenses are permissible under the practice of Oklahoma, unless prohibited by statute.

Error from District Court, Lincoln County; Chas. B. Wilson, Jr., Judge.

Action by K. Jacobs against William M. Rosebaugh and wife to rescind contract for sale of land. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Erwin & Erwin, for plaintiffs in error.

F. A. Rittenhouse and Geo. B. Rittenhouse, for defendant in error.

McNEILL, J. This action was commenced in the district court of Lincoln county by K. Jacobs to rescind a written contract to sell 160 acres of land to Rosebaugh and wife, and as ground for cancellation of said contract it is alleged that Rosebaugh and wife had failed to comply with the terms of the contract and made default therein, and that the plaintiff had elected to rescind.

The defendants filed an answer, contending that the plaintiff had brought a former action and had elected to affirm the contract and was estopped from rescinding the contract. The defendants filed an amendment to the amended answer and pleaded an oral agreement, and contended the sheriff's deed under which plaintiff claimed title was in fact a mortgage to secure an indebtedness owing by the defendants to plaintiff, and as a further defense and by way of cross-petition alleged that the plaintiff had charged usury on the money loaned, and asked judgment for double the amount of usury charged. The plaintiff filed a motion to strike the amendment to the amended answer, for the reason that the court had prior thereto sustained a demurrer to the plea of usury and the answer did not state facts to constitute usury, but was simply a restatement of the allegations relative to usury to which a demurrer had been sustained, and the court sustained the motion, and the defendants excepted to the ruling of the court, and assigned this as a ground for reversal. Upon trial of the case to the court, the court found the issues in favor of plaintiff, and rescinded the contract and canceled the notes given by the defendants to the plaintiff and quieted title in plaintiff.

Plaintiffs in error, for reversal, have 22 assignments of error, only a few of which are briefed and presented. We think it is unnecessary to consider any of the assignments of error, except the question whether the court erred in sustaining the motion to strike the amendment to the amended answer of the defendants, to wit, the plea that the deed and contract were given to secure an indebtedness, and were intended as a mortgage. The answer contained the allegation that the land in question was and had been the homestead of the defendants for a number of years, and then the following allegation:

"That on or about the 7th day of June, 1914, a foreclosure judgment having been entered against these defendants in a certain action brought by one E. E. Fuller, in this court, the defendants procured the plaintiff to lend them sufficient money to pay off the said judgment; that by the special request of the plaintiff in the making of said loan and securing the plaintiff therefor, the defendants consented that the said lands should be bought in at sheriff's sale in the name of the plaintiff, but for the use and benefit of these defendants, and that the consideration therefor was paid by these defendants; that said sheriff's deed was issued in the name of the plaintiff solely and only by reason of the said arrangement; that the plaintiff did not pay any of the consideration therefor, and that such deed was taken and is held by plaintiff for the use and benefit of these defendants; that on the same date and as a part of the same transaction and as security for the loan of said money, to wit, the sum of $680.00, a deed was executed to the plaintiff by these defendants, which deed was intended and given only and solely for security for said loan

and for no other purpose; and that on the same date and as a part of the same transaction aforesaid and at the special instance and request of the plaintiff, the contract set forth in plaintiff's said petition was entered into between the plaintiff and defendants, it being understood, agreed and intended by the parties, that said contract and said deeds, should be and operate simply and only as security for the loan and advancement of the said sum of money to defendants by the plaintiff and for no other purpose whatever."

The allegations of the answer must be taken as true in considering this question, and it alleged sufficient facts to sustain the contention that the contract and deed constituted a mortgage under the holding of this court in the cases of Worley v. Carter, 30 Okla. 642, 121 Pac. 669; Voris v. Robbins, 52 Okla. 671, 153 Pac. 120, and Hall v. Russell, 72 Oklahoma, 178 Pac. 679. The striking of this portion of the answer deprived the defendants of presenting a material defense, and was error.

It is contended, however, that the defendants could not plead inconsistent defenses, as the defense that this was a mortgage was inconsistent with the defense pleaded that the plaintiff had elected to affirm said contract and therefore was estopped from rescinding the same. This court in a long line of decisions has held that inconsistent defenses are permissible under the practice in Oklahoma, unless prohibited by statute. Metcalf v. Glaze, 70 Oklahoma, 173 Pac. 446; Covington v. Fisher, 22 Okla. 207, 97 Pac. 615; Clowers v. Snowden, 21 Okla. 476, 96 Pac. 596.

The judgment of the court is therefore reversed, and the cause remanded, with instructions to set aside the judgment of the court and to overrule the motion of the plaintiff to strike the amendment to the amended answer.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.