### LARKIN v. TALLEY.

No. 17777. Opinion Filed Jan. 17, 1928.

(Syllabus.)

1. **Frauds, Statute Of—Validity of Contract Evidenced by Various Writings Relating to Subject-Matter.**

A complete contract binding under the statute of frauds may be gathered from letters, telegrams, and writings between the parties as to the subject-matter and so connected with each other that they may be said to constitute one paper relating to the contract.

2. **Appeal and Error—Questions of Fact— Verdict Supported by Evidence not Disturbed.**

Where the matters involved in a decision are purely questions of fact, and a jury is waived and the cause submitted to the court, the decision will not be disturbed by this court, if the evidence reasonably tends to support the judgment of the court.

Error from District Court, Cherokee County; J. T. Parks, Judge.

Action by J. H. Talley against S. A. Larkin on promissory note. Judgment for plaintiff, and defendant appeals. Affirmed.

John C. Graves, for plaintiff in error.

Vance & Bliss, for defendant in error.

RILEY, J. J. H. Talley, as plaintiff below, commenced this action to collect on a promissory note in the sum of $600, due nine months from January 12, 1923, bearing interest at the rate of ten per cent. payable annually, and providing for attorney fees. The note sued upon, when executed, contained the following notation:

"The within note is given to J. H. Talley to secure a note given by Cris May and R. L. Parnell to J. H. Talley, dated January 12, 1923, for $600, due nine months from date at the rate of ten per cent."

The evidence disclosed that Talley sold to Larkin, the defendant and maker of the note, 20 acres of land at a price of $1,200. The sum of $600 cash was paid. May and Parnell owed Larkin $600, and he, as purchaser, secured May and Parnell, as his debtors, to execute a note direct to his seller, and with the further consideration that he, the defendant, execute his note for $600 to the plaintiff, as seller of the land, as security. The seller held both notes. Judgment was for plaintiff.

For reversal defendant contends that the contract or agreement between the parties is in contravention of the statute of frauds, under the second subdivision of section 5034, C. O. S. 1921. The statute is:

"Statute of Frauds. The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent. * * *

"Second. A special promise to answer for the debt, default or miscarriage of another except in the cases provided for in the article on guaranty."

Defendant says that when May and Parnell agreed with Larkin to pay the debt theretofore due Larkin to Talley, there was a complete novation as to the original indebtedness. The new debt ran from May and Parnell to Talley; Larkin made a special promise that in case of default of the obligors he would pay their debt; this, defendant says, contravened the statute of frauds, but by reason of the notation, heretofore set out, being a part of the note sued upon at its execution, we hold the contention without merit.

"A complete contract binding under the statute of frauds may be gathered from letters, telegrams, and writings between the parties as to the subject-matter and so connected with each other that they may be said to constitute one paper relating to the contract." Halsell v. Renfrow, 14 Okla. 674, 78 Pac. 118.

It is next contended that in parol the.e was an agreement between the parties that Larkin would not be subject to liability in this case unless Talley was unable to collect the amount of his note from May and Parnell; that plaintiff has not exhausted his remedies against May and Parnell, and consequently the judgment is contrary to the law and the evidence.

It appears from the evidence that after the May and Parnell note became due, Talley placed the note in the hands of his attorney for collection, who instituted suit thereon in the district court of Cherokee county, obtained judgment, and issued two executions. Upon one levy it was found that there was a chattel mortgage in the sum of $1,100 against the property seized, and plaintiff testified he was unable to pay off the mortgage.

A garnishment was issued against the banks of Ft. Gibson and Muskogee in an effort to collect upon the note of May and Parnell.

We hold the judgment in this case was not contrary to the law and evidence.

"Where the matters involved in a decision are purely questions of fact, and a jury is waived and the cause submitted to the court, the decision will not be disturbed by this court, if the evidence reasonably tends to support the judgment of the court." Carmichael v. Pierce, 10 Okla. 176, 61 Pac. 583.

Finally it is asserted that the court erred in sustaining objections of the plaintiff to the introduction in evidence of defendant's exhibits "A" and "B."

These exhibits disclosed that the Citizens National Bank of Ft. Gibson held a mortgage on described personal property of Parnell in the total sum of $1,100, and the evidence was in an effort to show value in excess of the mortgage, and therefore the existence of property subject to execution. We do not think the court committed reversible error in its holding. It evidently appeared to the satisfaction of the trial court that Talley had exhausted all means to collect the May and Parnell note and that he had counseled with and enlisted the aid of Larkin, the surety, and with the aid of his attorney they had failed to collect from the principals.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 27 C. J. pp. 259,

260, §308; 6 R. C. L. p. 640; 1 R. C. L. Supp. p. 170.  (2) 4 C. J. p. 879, §2853; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.