### CALDWELL v. CALDWELL.

No. 20690. Opinion Filed Dec. 1, 1931.

W. H. William and J. E. Sasseen, for plaintiff in error.

W. B. Garrett and D. M. Caviness, for defendant in error.

HEFNER, J. This is an action brought in the district court of Greer county by George W. Caldwell against J. A. Caldwell to recover the sum of $500, interest and attorney fees, on a promissory note to foreclose an alleged oral lien on a flat work ironing machine. The note was in the usual form and in the left-hand corner on the face of the note appears the following notation: "Security: 1-Flat Work Ironer." The defendant in his answer denied the existence of the oral lien and further defended on the ground that there was a material alteration of the note since its execution. It is his contention that the words "Security: 1-Flat Work Ironer" appearing in the left-hand corner of the note were placed there by plaintiff subsequent to the execution of the note. The trial was to the court, and resulted in a judgment in favor of plaintiff on the note and against him on his claim of an oral lien.

Defendant has appealed and asserts that the notation on the note above mentioned was placed on the note subsequent to its execution, and therefore constitutes a material alteration and that recovery cannot be had thereon.

The evidence is conflicting as to the time the notation was made on the note. Plaintiff testified that it was made at the time of its execution and the defendant testifies to the contrary. This is the only evidence offered on this issue. The trial court in the journal entry makes the following finding:

"The court, after being fully advised in the premises, finds that the allegations of the plaintiff's petition are true, in so far as the suit of plaintiff on the note is concerned, and the court finds that no material alteration of said note was made by plaintiff, or any other person, after the execution and delivery of the same; and the court further finds that the words 'Security: 1-Flat Work Ironer,' placed on the lower left-hand margin of said note was and is a mere memorandum of the alleged agreement for security against one flat work ironer, and the same was not in any manner a part of said note nor an alteration thereof."

The finding is somewhat ambiguous. We, however, construe it to be a finding that the notation was not made after the execution of the note. If the notation was made at the time of the execution of the note, it certainly would not constitute an alteration. The evidence on this issue was conflicting, and under the construction given the findings of the court, it is not necessary to pass on the effect of the notation in the event it had been established that

it was made subsequent to the execution of the note. There being no finding of the trial court that the notation was made subsequent to the execution of the note, and the evidence on this question being conflicting, we will not reverse the judgment of the trial court, and it is accordingly affirmed.

Plaintiff requests that this court enter judgment on the supersedeas bond. It appears that such bond was executed by defendant and United States Fidelity & Guaranty Company, a corporation, as surety. Judgment was rendered in the trial court in favor of plaintiff for the sum of $654.16, with interest thereon at rate of 6 per cent. per annum from April 22, 1929, and costs taxed in the sum of $10.85. It is therefore ordered, considered, and adjudged that plaintiff, George W. Caldwell, have and recover against the defendant, J. A. Caldwell, as principal, and United States Fidelity & Guaranty Company, a corporation, as surety, the sum of $654.16, with interest thereon at 6 per cent. per annum from April 22, 1929, until paid, together with the cost of the action.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and McNEILL, J., absent.