## YAHOLAR v. AUTRY et al.

No. 20725.   Opinion Filed April 19, 1932.

Lafayette Walker and F. C. Helm, for plaintiff in error.

Warren, Crutcher & Warren, Orr & Woodford, and Y. P. Broome, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Okfuskee county. The plaintiff in error was the plaintiff and the defendants in error were the defendants in that court. Hereinafter the parties will be referred to as the plaintiff and defendants.

The plaintiff claims to be the owner of the real estate involved in this action. The action was in ejectment and for damages, cancellation of deeds, and the quieting of title. The defendants answered, denying the allegations of the petition and pleading that the action was barred by the decision of the district court of Hughes county. The plaintiff denied the effect of the former adjudication on the ground that he was a full-blood restricted Creek Indian and that the land was his allotment of the Creek tribal lands. A jury was waived and the cause was tried to the court. Where the matters involved in a decision in a law action are purely questions of fact, and a jury is waived and the cause submitted to the court, the decision will not be disturbed by this court, if the evidence reasonably tends to support the judgment of the court. Larkin v. Talley, 129 Okla. 58, 263 P. 145. See, also, Board of Com'rs of Rogers County v. Baxter, 113 Okla. 280, 241 P. 752; Squires v. Wesco Supply Co., 93 Okla. 138, 219 P. 895.

There are two issues presented for determination: First, the effect of the adjudication in Hughes county; and second, whether or not the plaintiff was the allottee of the land. Under our view of the law as applied to the facts shown by the record in this case, it is not necessary for us to consider the effect of the former adjudication.

The plaintiff contends that he is the Jimmie Yaholar who was enrolled as a full-blood Creek Indian opposite Roll No. 914 on the new born rolls of that tribe of Indians, and that the real estate in question was allotted to him as his portion of the tribal lands of the Creek Nation by virtue of that enrollment. He says that his father was Jonas Fish and that his mother was Polly Harjo and that the Dawes Commission erred in showing him to be the child of Josey Yaholar and Betsy Yaholar. The defendants contend that the plaintiff was not the allottee of the land in controversy; that the allottee of that land was the son of Josey Yaholar and Betsy Yaholar; that that allottee died in 1905, leaving surviving him as his sole and only heirs, his father and his sister, and that those heirs conveyed the land by approved conveyances to the defendant J. R. Autry.

Documentary evidence and parol testimony was offered in support of each contention. The trial court was confronted with the rule of law applicable to conflicting evidence stated in Page v. Atkins, 86 Okla. 290, 208 P. 807, Halsell v. Beartail, 107 Okla. 103. 227 P. 392, Cox v. Colbert, 135 Okla. 218, 275 P. 317, Mowdy v. Leeper, 122 Okla. 16, 250 P. 432, and many other decisions of this court. That rule was stated in Cox v. Colbert, supra, to be as follows:

"The enrollment record made by the Commission to the Five Civilized Tribes of Indians, under section 21, Act of Congress of June 28, 1898 (30 Stat. 503), is, as that part thereof which is descriptive of the persons so enrolled, prima facie evidence as to the matters therein shown such as parentage, etc., and if the persons so shown thereon to be parents of the allottee are contended not to have been such parents, the burden is on the party asserting the incorrectness of such enrollment record and the same cannot be overthrown except by clear, cogent, and convincing proof."

We are not unmindful of the rule stated in Fixico v. Chapman, 141 Okla. 86, 284 P. 8, and Norton v Larney, 289 Fed. 395; Id; 266 U. S. 511. 69 L. Ed. 413, to the effect that the decision of the Dawes Commission is not conclusive as to the names of the allottee's parents, but though the decision of the Dawes Commission is not conclusive, it is presumptive, and it may be overthrown only by clear, cogent, and convincing proof.

An examination of the record in this case discloses that the evidence as to the parentage of the allottee does not show clear, cogent, and convincing proof of the incorrectness of the finding of the Dawes Commission as to the parentage of the allottee.

There is competent evidence reasonably tending to support the judgment of the trial court. For that reason the judgment of the trial court must be and it is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.