## HAWKINS et al. v. HOWARD et al.

No. 22643.   Jan. 23, 1934.

Rehearing Denied and Supplemental Petition for Rehearing March 20, 1934.

Emery, Johnson, Crowe & Tolbert, S. C. Massingale, James W. Smith, Ralph D. Smith, and E. E. Gore, for plaintiffs in error.

A. J. Welch and A. E. Underwood, for defendants in error.

OSBORN, J. This action was commenced in the district court of Washita county by Belle Howard, Stella Howard Thomas, and Bertha Howard Larson, daughters of Belle Howard, against Grace M. Hawkins and 18 other defendants as an action in ejectment and to quiet title to the N. E. ¼ of section 8, township 10 N., range 19 W. The cause was tried to the court and judgment was rendered in favor of Stella Howard and Bertha Howard against all the defendants and against Belle Howard in favor of said defendants. The defendants have appealed from said judgment, and the plaintiff Belle Howard has filed a cross-petition in error. The parties will be referred to as they appeared in the trial court, except, for the sake of convenience, plaintiffs Stella Howard Thomas and Bertha Howard Larson will be referred to by their maiden names.

On August 23, 1912, one Louisa J. Simmons made a deed conveying the property to T. R. Johnson, and on September 11, 1912, said Johnson conveyed the land to William Howard. Belle Howard was the wife and Stella Howard and Bertha Howard were daughters of the said William Howard.

Under the contract of sale between Louisa Simmons and Johnson, she was to vacate the property on January 1, 1913, but refused to do so, and William Howard instituted unlawful detainer proceedings against her, in which action she did not make a defense, and judgment was rendered against her, and on January 15, 1913, she vacated

the premises and William Howard and his family took possession thereof.

On December 10, 1915, William Howard and Belle Howard were divorced and a property settlement was made whereby William Howard executed a deed to said property to the three plaintiffs, the conveying and habendum clause thereof providing as follows:

"Does hereby grant and convey unto Belle Howard a life estate in and to (describing land) and the fee to said land, at the death of said Belle Howard, is hereby conveyed to Stella Howard and Bertha Howard, minors and heirs of the body of the grantor and grantees herein; provided, that when the youngest of said children shall have reached her majority, then the said Belle Howard, Stella Howard, and Bertha Howard may divide and apportion said above described land, at their option, and in that event each shall take a one-third interest each, in fee simple."

Said deed was placed of record on December 23, 1915, and the three plaintiffs were in undisputed possession of the property until April 11, 1919, at which time Louisa J. Simmons filed suit to cancel the deed hereinabove referred to and for possession of said land. Said cause was tried to the court on April 12, 1921, and resulted in a judgment in favor of defendants and against the plaintiff. Thereafter a new trial was granted, and on February 3, 1923, a judgment was entered without appearance of defendants in favor of plaintiff and against defendants quieting title in the plaintiff Louisa J. Simmons and giving possession of the land to her. In that action Bertha Howard and Stella Howard were not made parties. The record is not clear on the point, but we assume that possession was taken by Mrs. Simmons under said judgment.

On July 30, 1926, more than three years after the rendition of the above-mentioned judgment, the three plaintiffs filed a motion to vacate said judgment, which motion was granted and a new trial ordered, and from which order an appeal was taken to this court, which reversed the judgment of the trial court on the ground that the statute of limitations had run against Belle Howard and the court should have overruled her motion to vacate the judgment, and holding that the two children should assert their rights in an independent action. Simmons v. Howard, 136 Okla. 118, 276 P. 718. Thereafter, this action was filed.

The trial court entered extensive findings of fact and we will refer to such portions thereof as are necessary to a determination of the issues involved in this appeal.

In the first action by Louisa J. Simmons, she relied for cancellation of the deed upon the ground that an agreement had been made whereby her deed to said property had been placed in a bank as a depository and the deeds involved in the exchange of property were delivered to the parties by the depository wtihout the performance of the conditions for delivery. The same contention is made in this action. In this connection the trial court found that all of the conditions of said contract had been met, and that the deed from Louisa J. Simmons to T. R. Johnson was properly delivered and constituted a valid conveyance. The court further found that at the time said land was conveyed from Louisa J. Simmons to Johnson, the reasonable market value thereof was not more than $3,000 to $3,500, and at that time the land was incumbered by indebtedness to the extent of about $3,750; that said indebtedness was assumed by Johnson and William Howard and thereafter paid and that said sum had not been tendered back by Louisa J. Simmons. The court further found that all of the other defendants had secured their right, title, and interest through Louisa J. Simmons, and whatever interest they have is based upon the title which they took with knowledge of the foregoing deeds of record and the above-mentioned court proceedings, and their interests are subject to the rights of plaintiffs herein as found and adjudicated by the court's judgment.

The record shows that on August 8, 1929, the three plaintiffs executed an agreement called "an exercise of option" under the deed, heretofore referred to, from William Howard to them, whereby they divided the property, each taking a one-third interest in the fee. In that connection, the court found as follows:

"That the three plaintiffs in this action have attempted to exercise the option given them in the deed of William Howard to them, each agreeing to take a one-third undivided interest in fee in said land, but the court does not pass upon the legal effect of said act, except to hold that their act is ineffective because of the further holdings of this court that Belle Howard's interest was cut off and acquired by the defendants prior to said attempt to divide the same, which leave the interest of Stella and Bertha as it originally came to them by the deed from their father, William Howard."

After making the various findings of fact, the court entered the following conclusions of law:

"1. That the interest of plaintiff, Belle Howard, in said land was cut off and extinguished by the judgment dated February 3, 1923, in said cause No. 1998, affirmed and re-rendered by the Supreme Court upon appeal and she has, therefore, no interest in said land, and that whatever interest she had in said land passed to the defendants as subsequent mortgages and grantees, as their interest may appear.

"2. That there is no privity between Belle Howard and her two children, Bertha and Stella Howard, for the reason that whatever interest they had or now hold was vested in, by and through said deed from the said William Howard to them.

"3. That said Bertha Howard and Stella Howard, not being parties to the aforesaid action No. 1998, and being minors during the progress of that trial and for several years thereafter, are unaffected by said judgment rendered therein, and that upon the issues found in this action in their favor and against the defendants, the said Bertha and Stella Howard are entitled to recover the land above described from the defendants as prayed for in the petition, to the extent of their joint ownership of a fee-simple title therein, subject to the natural life of the said Belle Howard.

"4. That judgment be and the same is hereby rendered accordingly, as prayed for in the petition in favor of Bertha Howard and Stella Howard and against all the defendants herein for the possession of said land, and the quieting of title thereto in said plaintiffs as against said defendants, subject to the rights of the defendants to hold said land as tenants during the natural life of Belle Howard, at which time a perfect fee-simple title will vest in the said Bertha Howard and Stella Howard jointly.

"5. That judgment is hereby rendered in favor of the defendants and against the plaintiff Belle Howard, denying the petition as to the said Belle Howard, and dismissing the action as to her."

Defendants assign 87 specifications of error, which are argued under two propositions: First, that the deed from Louisa J. Simmons to T. R. Johnson dated in 1912, was never delivered, but was procured by Johnson by fraud in violation of the escrow agreement of which William Howard had knowledge, and the plaintiffs are not innocent purchasers for value; second, that if any right vested in the children, Stella and Bertha Howard, prior to the exercise of the option by them and Belle Howard, it was only an undivided two-thirds of the fee and the defendants should in any event recover an undivided one-third of the fee estate.

The cross-petition raises the issues of res judicata and assigns as error the action of the trial court in giving effect to the former judgment as against Belle Howard for the reason that the defendants waived their right to rely upon that judgment as an estoppel, by resubmitting and trying out the same questions upon which that judgment was based.

As to defendants' first proposition, there was a positive finding by the trial court that all the conditions of the so-called escrow agreement had been met, and that there was a delivery of the deed from Louisa J. Simmons to T. R. Johnson, and there was no fraud practiced by Johnson or any other person in securing the deed. Defendants contend that there is no evidence to support such finding by the trial court. With such contention we cannot agree. Although there is some conflict of evidence in this connection, there is sufficient competent evidence to sustain said finding. In the case of Golden v. Griffin Groc. Co., 158 Okla. 236, 13 P. (2d) 188, it is said:

"Where cause is tried to the court without a jury the finding of the trial court will not be reversed on appeal when there is competent evidence reasonably tending to support such finding."

See, also, Caldwell v. Caldwell, 154 Okla. 120, 8 P. (2d) 66; Yaholar v. Autry, 156 Okla. 257, 10 P. (2d) 676; First Nat. Bank v. Melton & Holmes, 156 Okla. 63, 9 P. (2d) 703; Turk Bros. v. Brewer, 157 Okla. 200, 11 P. (2d) 926; Missouri, K. & O. Coach Lines v. Benton, 157 Okla. 10, 10 P. (2d) 451; Alco Finance Co. v. Barnes, 158 Okla. 222, 13 P. (2d) 203.

It is also noted that from the time William Howard and his family took possession of the property in question no claim of title or right to possession was asserted by Louisa J. Simmons for a period of seven years.

Since no justification or excuse is shown for such delay, the same constituted a ratification on the part of Louisa J. Simmons of the delivery of the deed under rules well established by the authorities. In the case of Oland v. Malson, 39 Okla. 456, 135 P. 1055, it is said:

"The improper delivery of a deed held in escrow may be ratified by the person as to whom the delivery was improper; and such ratification may be shown by the conduct of such party in relation thereto."

See, also, McNulty v. McNulty, 47 Kan. 208, 27 P. 819; Whitney v. Dewey, 10 Idaho, 633, 80 P. 1117; Lowman v. Nye & Ormsby County Bank, 31 Nev. 306, 102 P. 967; 21 C. J. 887; 8 R. C. L. 900.

It is undisputed that T. R. Johnson and William Howard paid debts against said lands in an amount in excess of the actual value thereof, which sums were not tendered back by Louisa J. Simmons. In an action of this kind it is unnecessary to weigh the equities of the parties, but this fact is worthy of note in measuring the rights of the parties on the basis of common justice.

In order to substantiate their claims to a one-third interest in the fee of said land, defendants rely in part on the provisions of a contract of settlement entered on November 10, 1915, between William Howard and Belle Howard, which is as follows:

"The said first party hereby agrees to give, convey and deed to second party, and by her consent and request, the deed to run to second party as a life estate, or until the minor children, Stella Howard and Bertha Howard, shall both arrive at their majority, when the lands shall vest in the three equally, the following described property, to wit: the northeast quarter (N. E. ¼) section eight (8), township ten (10), north range nineteen (19), W. I. M., Washita county, Oklahoma."

In pursuance of said agreement the deed herein above referred to was executed. Its terms are somewhat ambiguous, but, construing the same in accordance with the evident intention of the grantor, we are forced to the conclusion that the only interest in said property vested in Belle Howard, prior to the exercise of the option agreement, was that of a life estate. The trial court found that the attempt of the three plaintiffs to exercise the option under the deed was ineffective because at that time the interest of Belle Howard was cut off and she had no interest in said land. The instrument which is called an "exercise of option" under the deed was executed August 8, 1929. More than six years prior to that date a judgment had been entered in the district court of Washita county in which it was determined that Belle Howard had no interest in the land. Said judgment was made effective by a decision of

this court dated January 22, 1929. Therefore Belle Howard was divested of any right, title, or interest she might have had in said property on the date of the attempted exercise of option. The rights of the parties must be measured by the terms of the deed and not by the provisions of the property settlement between William Howard and Belle Howard. Since there could have been no valid exercise of the option agreement, the deed granted unto Belle Howard a life estate and the remainder to Stella Howard and Bertha Howard.

The judgment of February 3, 1923, effectually divested Belle Howard of her interest in the property and vested the same in Louisa J. Simmons. The other defendants, who are grantees of Louisa J. Simmons, are now vested with the same right, title, and interest in the property obtained by her through said judgment, that is, the life estate of Belle Howard.

The contention of plaintiff presented by cross-petition in error, in which it is contended that defendants have waived their right to rely upon the former judgment against Belle Howard as an estoppel, by resubmitting and trying out in this action the same questions upon which that judgment was based, is without merit. In the case of Thompson v. Kiester, 141 Okla. 69, 283 P. 1018, it is said:

"Under our practice, the pleading of inconsistent defense is permissible, and we believe the defendants had a right to plead as many different inconsistent defenses as they desired, and may rely upon any one which the proof supports. To this effect, see the following cases by our court: Rosebaugh v. Jacobs, 83 Okla. 211, 201 P. 245; Thompson v. Rhyner, 86 Okla. 146, 206 P. 609; Covington v. Fisher, 22 Okla. 207, 97 P. 615; Emerson-Brantingham Implement Co. v. Ware, 71 Okla. 19, 174 P. 1066; Metcalf v. Glaze, 70 Okla. 137, 173 P. 446."

Other assignments of error presented are incidental to the propositions above discussed and have been fully covered in said discussion.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.