## ILLINOIS BANKERS LIFE ASS'N OF MONMOUTH, ILL., v. PALMER.

No. 24942. Nov. 26, 1935.

Rehearing Denied April 7, 1936.

Potter & Potter, for plaintiff in error.

Sigler & Jackson, for defendant in error.

OSBORN, V. C. J. This action was filed in the district court of Carter county by J. H. Palmer, hereinafter referred to as plaintiff, against the Illinois Bankers Life Association, hereinafter referred to as defendant, for damages arising by the wrongful failure of defendant to reinstate a life insurance policy. The cause was tried to the court and a judgment rendered for plaintiff, from which defendant has appealed.

The policy was issued on February 28, 1919, for $1,000. The annual premium was $35.64, payable quarterly. All premiums were paid until April 1, 1932. The 30-day grace period expired May 1, 1932, and the premium was received in the home office of defendant May 5, 1932. Plaintiff was notified by the company that the policy had lapsed for nonpayment of the premium and was furnished a blank to make application for reinstatement and was directed to submit himself to Dr. W. M. Johnson of Ardmore for physical examination. Plaintiff filled out the blank and was given an examination by Dr. Johnson, but the medical director of the company refused reinstatement of the policy for the reason that the evidence of insurability was insufficient.

At the trial of this cause, Dr. Johnson testified that at the request of defendant he examined plaintiff twice, and plaintiff was in reasonably good health for a man of his age and that his examination disclosed that plaintiff was insurable. Dr. J. R. Ebersole, vice president and medical director of the company, who was charged with the responsibility of passing upon applications for insurance and applications for reinstatement, testified that he had made an investigation, and in his opinion plaintiff was not insurable on account of some hypertension, a trace of albumen and a confidential report relating to moral character and habits of living.

At the conclusion of the evidence the trial court found that the defendant had acted arbitrarily in the refusal to reinstate the policy and rendered judgment for plaintiff. This includes a finding that plaintiff had furnished satisfactory evidence of insurability.

It is the theory of defendant that the officers of the company were vested with discretionary powers and that the evidence fails to show an abuse of such discretion in refusing to reinstate the policy. Defendant relies upon the case of Conway v. Minnesota Mutual Life Insurance Company, 62 Wash, 49, 112 P. 1106. That case does not support defendant's contention. In that case the contract specifically provided for reinstatement "in the discretion of the officers of this association." In that case it was held that such a provision in the policy was not contrary to public policy and that the officers of the company did not abuse their discretion in refusing reinstatement, but the case specifically holds that "compliance with the conditions imposed by the contract gives insured an absolute right to reinstatement if the contract does not make reinstatement optional with the company."

The provision of the policy involved herein relating to reinstatement is as follows:

"If this policy shall lapse by the nonpayment of any premium when the same shall become due it may be reinstated by the holder furnishing satisfactory evidence of

insurability to the Association and the payment of all premiums then due. The Association reserving the right to require medical examination to be paid for by lapsed policy holder and the examiner to be named by the Association."

It is noted that said provision does not purport to invest any officer of the company with discretionary powers, but specifically grants the insured the right to reinstate upon the furnishing of satisfactory evidence of insurability. This contractual right of reinstatement is a substantial property right. Rocky Mount Savings & Trust Co. v. Aetna Life Ins. Co. (N. C.) 160 S. E. 831. The facts in this case are quite similar to the facts involved in the case of Thompson v. Postal Life Ins. Co., an opinion prepared by Mr. Justice Cardoza, reported (N. Y.) 123 N. E. 750. It is held in the first paragraph of the syllabus as follows:

"Where a life insurer agreed to waive a forfeiture of the policy on condition insured should apply for its restoration, before a medical examiner, and furnish 'satisfactory' evidence of his insurability, and insured did so, his medical examination disclosing no defect in health, he satisfied the condition on which the waiver was dependent, though the insurer's taste, fancy, or caprice, was not satisfied."

In the body of the opinion the court uses the following language:

"In these circumstances the insured must be held to have satisfied the condition upon which waiver was dependent. It is no answer to say that the evidence of his condition was not satisfactory to the insurer. The agreement did not contemplate the exercise of the insurer's taste or fancy or caprice. Crawford v. Mail & Ex. Pub. Co., 163 N. Y. 404, 57 N. E. 616. 'It could not be unsatisfied with the certificate, capriciously. That which the law will say a contracting party ought in reason to be satisfied with, that the law will say he is satisfied with.' Miesell v. Globe Mut. Life Ins. Co., 76 N. Y. 115, 119. In the case cited we applied that principle to a very similar situation. There are other cases to the same effect. Dennis v. Mass. Benefit Ass'n, 120 N. Y. 496, 505, 24 N. E. 843, 9 L. R. A. 189, 17 Am. St. Rep. 660; Knights Templars' Life Ind. Co. v. Jacobus, 80 Fed. 205, 25 C. C. A. 378; Leonard v. Prudential Ins. Co., 128 Wis. 348, 107 N. W. 646, 116 Am. St. Rep. 50. This insurer had agreed to reinstate and waive if satisfactory evidence of insurability was supplied. Evidence that ought to have satisfied was supplied, and thereupon, without further act of the insured or the insurer, the policy was revived. Miesell v. Globe Mut. Life Ins. Co., supra;

Dennis v. Mass. Ben. Ass'n, supra; Reed v. Provident Sav. Life Assur. Soc., 190 N. Y. 111, 82 N. E. 734; Knights Templars' Life Ind. Co. v. Jacobus, 80 Fed. 202, 205, 25 C. C. A. 378."

In the case of Rothschild v. New York Life Ins. Co. (Pa. Super.) 162 A. 463, it is said:

"Life insurer may not be arbitrary in considering evidence of insurability submitted under reinstatement provision."

To the same effect, see Missouri State Life Ins. Co. v. Hearne (Tex. Civ. App.) 226 S. W. 796; Winder Nat. Bank v. Aetna Life Ins. Co. (Ga. App.) 137 S. E. 848; Lane v. N. Y. Life Ins. Co. (S. C.) 145 S. E. 196; Steiner v. Equit. Life Ins. Society, 262 N. Y. S. 11.

Defendant further contends that a certain discretion is vested in the officers of the company by virtue of a provision in the application for reinstatement of the policy which is as follows:

"I understand and agree that the said policy shall not be restored until this application shall be approved by the medical director of the company, and I agree that if said company shall grant reinstatement the same shall be deemed to be based exclusively upon the representations contained in this application and in my original application for said policy, and upon the express condition that if the foregoing statements, or any of them, be in any respect untrue said company shall be under no liability by reason of the attempted reinstatement of the policy, except that the company shall return to the applicant or his personal representative all premiums paid since the date of said reinstatement."

The securing of the signature of plaintiff to the instrument containing the above condition does not operate to change the plain and positive terms of the insurance contract. In the case of Winder National Bank v. Aetna Life Ins. Co., supra, it is said:

"Where the holder of a policy of life insurance has, by its terms, a vested contract right to reinstatement, conditioned only upon payment of arrears of premiums and advances made on the policy, with interest, and 'upon evidence of insurability satisfactory to the company' (Rome Ind. Ins. Co. v. Eidson, 142 Ga. 255, 82 S. E. 641), such vested right cannot be impaired or limited by subsequent conditions contained in the application for reinstatement furnished by the insurer."

In the case of Mutual Life Ins. Co. of N. Y. v. Lovejoy (Ala.) 83 So. 591, it is said:

"The clause of the contract to 'reinstate' does not mean to reinsure under another and different contract; it implies the right of the insured to be placed in the same condition that he occupied before the forfeiture, and it implies the duty on the part of the insurer to place the insured in that condition, and it allows no right to exact other conditions, precedent or subsequent, to reinstatement. Lovick v. Providence Life Ass'n, 110 N. C. 93, 14 S. E. 506; Goodwin v. Assur. Ass'n, 97 Iowa, 226, 66 N. W. 157, 32 L. R. A. 473, 59 Am. St. Rep. 411."

See, also, N. Y. Life Ins. Co. v. Buchberg (Mich.) 228 N. W. 770, 67 A. L. R. 1483; Rocky Mount Savings & Trust Co. v. Aetna Life Ins. Co., supra.

The rights of the parties in this case were fixed by the contract of insurance. The finding of the trial court was that plaintiff had complied with the contract. Such finding, being reasonably supported by the evidence, will not be disturbed by this court. Hawkins v. Howard, 167 Okla. 480, 30 P. (2d) 696. Since it is established that the action of defendant in refusing to reinstate the policy was wrongful and in violation of the plain provisions of the contract, a right of action arose upon the contract. American Ins. Union v. Woodard, 118 Okla. 243, 247 P. 401. It is agreed by both parties that the trial court adopted the proper measure of damages by following the rule announced in the last-cited case.

The judgment of the trial court is affirmed.

RILEY, BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.

McNEILL, C. J., and BUSBY and WELCH, JJ., dissent.