MODERN WOODMEN OF AMERICA v. MARY J. JAMESON.

MUTUAL BENEFIT INSURANCE — *Restoration of Suspended Member.* Where a member of a mutual-benefit insurance company is sus-pended for non-payment of assessments, and neglects during his lifetime to secure his reinstatement in accordance with the terms of his certificate and the provisions of the order, his restoration to membership cannot be effected after his death by payment of the sum due from him to the company at the time of his death, though the period within which, if alive, he could have secured his reinstate-ment, has not yet expired. *Modern Woodmen v. Jameson*, 48 Kas. 718, affirmed.

*Motion for Rehearing.*

THE facts are sufficiently stated in *Modern Woodmen v. Jameson*, 48 Kas. 718, *et seq.*

*Mechem & Smart*, and *Hess & Johnson*, for the motion.

*J. W. Deford*, contra.

*Per Curiam:* It is urged that the head camp did not make an assessment upon Jameson after his default upon the asess-ment of August, 1888, and therefore that the opinion handed down upon the former rehearing is not sustained by the facts. It appears that blank notices for assessment were sent in Sep-

tember from the head camp to the local clerk. The local clerk, acting for the head camp, received payment of $1.05 for the September assessment upon Jameson, which was due October 1, 1888, at the same time that he received the payment for the August assessment. As the local clerk acted for the head camp, we must regard the assessment for September as having been made by the head camp through its local clerk, and therefore we conclude that the opinion handed down upon the rehearing is not incorrect in this matter. In *Stylow v. Insurance Co.*, 69 Wis. 224, it was said :

"A mutual life-insurance company, whose by-laws provide that membership shall be forfeited by a failure to pay any assessment within 60 days after notice, but may be restored on paying all arrears, etc., the company reserving the right to exact a physician's certificate as to health, waives a forfeiture by making a new assessment while the member is in default by a failure to pay a previous one within the 60 days limited."

It was decided in *McDonald v. Supreme Council, etc.*, 78 Cal. 49, that—

"The acceptance by a mutual-benefit association of assessments after knowledge of forfeiture by reason of non-payment thereof within the required time, operates as a waiver of the forfeiture, in the absence of convention of the parties to the contrary."

In *Mutual Benefit Association v. Beck*, 77 Ind. 203, the court ruled that—

"The demand and receipt of assessments by a life-insurance company, after the death of the insured, with knowledge of his death, and that the contract was voidable on account of misrepresentations by the insured, waives the forfeiture."

It was also ruled in *Mutual Benefit Association v. Stapp*, 77 Tex. 517, that—

"Where the certificate of membership in a mutual-benefit society provides that assessments shall be paid within 30 days from the date of notice, payment within that time will preserve the validity of the certificate, though such payment is made by the beneficiary after the death of the member."

The motion for a rehearing will be denied.