[No. 19126.   Department Two. — December 20, 1892.]

## E. B. WOOLLEY, RESPONDENT, v. ISAIAH WICK-ERD, APPELLANT.

VENDOR'S LIEN — ASSIGNMENT OF JUDGMENT TO BE RECOVERED — NON-EX-TINCTION OF LIEN. — The assignment by a vendor of real property, after the commencement of an action to foreclose his vendor's lien for the balance of the purchase-money, of all his right, title, and interest in any judgment that he might recover in the action, is not a transfer of the cause of action, and does not extinguish his lien.   Such assignment can, at most, operate only as an agreement to assign or transfer the judgment when recovered.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*R. H. Horton*, for Appellant.

*Alfred Cooper, Frank H. Suffel*, and *J. W. Swanwick* for Respondent.

BELCHER, C. — The plaintiff brought this action to recover the sum of four hundred dollars, balance of purchase-money due for certain real property sold by him to the defendant, and to foreclose a vendor's lien on the property therefor.

The court below gave judgment for the plaintiff according to the prayer of his complaint, and the defendant appeals from the judgment, and an order denying his motion for a new trial.

Only two points are made by appellant. They are, that the judgment should be reversed upon the grounds, — 1. That the plaintiff by his delay lost his rights; and 2. That there was no vendor's lien which could be enforced in the action.

As to the first point, the court found, in effect, that the delay complained of was by agreement with and consent of the defendant, and therefore that any objection on account of the delay was waived. It would subserve no useful purpose to state the evidence bearing

upon this question. In our opinion, it was fully sufficient to justify the finding, and hence this point cannot be sustained.

The second point is based upon the theory that the plaintiff sold and assigned his claim for the four hundred dollars unpaid purchase-money before the judgment was rendered, and that the lien was not assignable, and therefore ceased to exist when the sale was made, and could not thereafter be enforced in the name of the assignor or assignee.

It is true that when the owner of real property parts with his title to it, and the purchase-money is not paid, and no security is taken, the law implies a lien in his favor to secure its payment. The lien does not arise from any agreement of the parties, but is the creature of equity, and is established solely for the security of the vendor. It is a privilege purely personal, and cannot exist in favor of any one but the vendor. It is not assignable, even by express contract, and the assignee of the right to recover the money for which the land was sold cannot enforce the lien. (*Baum* v. *Grigsby*, 21 Cal. 173; 81 Am. Dec. 153; *Avery* v. *Clark*, 87 Cal. 619; 22 Am. St. Rep. 272; *Gessner* v. *Palmateer*, 89 Cal. 89.)

The above are well-settled rules of law, and the question is, Do they apply to this case?

The only proof that the plaintiff had assigned his claim for the four hundred dollars was, that after the action was commenced he assigned to his attorneys all his right, title, and interest in any judgment that he might recover in the action.

The Civil Code has the following provisions: —

" Sec. 1721. Sale is a contract by which, for a pecuniary consideration called a price, one transfers to another an interest in property.

· " Sec. 1722. The subject of sale must be property, the title to which can be immediately transferred from the seller to the buyer."

When the alleged assignment was made, there was no

judgment, the title to which could be immediately transferred. The assignment therefore did not transfer the cause of action, and could, at most, operate only as an agreement to assign or transfer the judgment when recovered. This does not, in our opinion, bring the case within the rules of law above declared.

There is nothing in the other objections that the plaintiff had received the entire purchase price of his land, and that there was no lien because the parties had entered into a collateral agreement about another contract.

The judgment and order appealed from should be affirmed.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

SHARPSTEIN, J., McFARLAND, J., DE HAVEN, J.

Hearing in Bank denied.