No. 10,382.

OFFICER v. NEW YORK LIFE INSURANCE CO.

Decided May 7, 1923.   Rehearing denied July 2, 1923.

Action on life insurance policy.   Judgment of dismissal.

*Reversed.*

1.  INSURANCE—*Life Policy—Lapse—Reinstatement.* Where the assured under a life policy failed to make a payment when due, but thereafter paid the premium with interest and made application for reinstatement, in accordance with the terms of the policy,

through a branch office of the company, it is held, under the facts of this case, that the policy was reinstated as of date the application was delivered to the branch office and that the fact that the insured died after he had fully complied with the conditions of his contract, furnished no ground for a refusal by the company to restore the policy.

*Error to the District Court of Weld County, Hon. Neil F. Graham Judge.*

Mr. HARRY N. HAYNES, Mr. RALPH L. DOUGHERTY, for plaintiff in error.

Mr. CHARLES W. WATERMAN, Mr. WILLIAM A. JACKSON, Mr. JAMES H. McINTOSH, for defendant in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE plaintiff in error brought this suit against the defendant in error to recover the sum of $2596.57, with interest, which he claims as a balance due upon a policy of insurance issued by the defendant, bearing date February 5, 1903, insuring the life of plaintiff's testator, Alexander Vernon Officer.

The complaint alleges and the answer admits: That on February 5, 1903, for a consideration therein stated, defendant executed its insurance policy and thereby insured the life of plaintiff's testator. That defendant is a life insurance company incorporated under the laws of the state of New York, doing business in Colorado. That on October 4, 1920, testator departed this life; that on December 11, 1920, plaintiff furnished defendant with proofs of death of said insured; that the tabular annual rate of premium on the policy when written was $148.59; that in January, 1921, defendant paid plaintiff upon the policy the sum of $3000; that Alexander V. Officer, the insured, paid each and every semi-annual premium called for by the terms of the policy up to and including the semi-annual premium due February 5, 1920, and that on or about September 17, 1920, he delivered at defendant's Colorado

branch office, in Denver, the sum of $78.05, for the purpose of reinstating the policy, following his omission to pay the semi-annual premium thereon of $77.28, due August 5, 1920; that the insured signed and left at defendant's Colorado branch office a written application to the home office of defendant for reinstatement of the policy and that the application with accompanying evidence therein as to Officer's insurability was made by inserting in a blank form entitled, "Application for reinstatement of policy," answers to questions therein propounded.

The policy was made part of the complaint and contains the following provision concerning reinstatement of policy: "Reinstatement.—While the insurance under this policy will automatically continue as herein provided if any premium or interest is not paid on the date when due, the company will restore the policy as of the date of such nonpayment, on payment by the insured of such premium or interest within one month thereafter with interest at the rate of 5 per cent per annum; or, the company will restore the policy as of the date of such non-payment, at any time after one month and within the accumulation period, under the following conditions: written application to the home office with evidence of insurability satisfactory to the company; payment of a sum equal to all the premiums that would have fallen due had all such premiums been paid on the dates when due up to the time of reinstatement together with interest thereon at the rate of 5 per cent per annum."

The policy contains also this provision: "Only the president, a vice-president, the actuary, or the secretary has power in behalf of the company to make or modify this or any contract of insurance or to extend the time for paying any premium, and the company shall not be bound by any promise or representation heretofore or hereafter given by any person other than the above. * * * Premiums are due and payable at the home office, unless otherwise agreed in writing."

The defendant demurred to the complaint which was

overruled, and upon which ruling it has assigned cross-errors.

The defendant then answered, alleging in substance, that the premium due August 5, 1920, was not paid when due, nor within one month thereafter; that on September 17, 1920, the insured paid at defendant's Colorado branch office, at Denver, Colorado, the sum of $78.05, the amount of the premium due August 5, 1920, with interest; that on October 1, 1920, insured signed a blank entitled, "Application for reinstatement of policy", containing among other things, answers to questions therein propounded for the purpose of presenting evidence with respect to his insurability; that the application was left by him at the Colorado branch office of defendant on October 1, 1920, and was forwarded from that office on October 2, 1920, to the home office of the company at New York, but did not reach that office until October 5, 1920; that the insured died on October 4, 1920; that the branch office was subject to the control and direction of the home office and could only act in pursuance of instructions from the home office; that the authority of the Colorado branch office, with respect to applications for reinstatement of lapsed policies, was limited to the receipt of the applications and the forwarding of the same to the home office and the receipt of the amount required to be paid in connection with the reinstatement; that the branch office had no authority to act upon the application or to reinstate the policy and that it did not pass upon the same; that the application was not passed upon or approved by defendant during the lifetime of the insured.

The answer denied indebtedness to plaintiff in any sum whatever and further alleged that the sum of $78.05 delivered by Officer at its Colorado branch office on September 17, 1920, was by the defendant, prior to the commencement of the suit, repaid to the plaintiff.

To the questions propounded in the insured's application for reinstatement of policy, the insured answered that he suffered from nervous exhaustion during the summer of

1919; that Dr. J. W. Harris of Denver had treated him, and that at the time of the application he was in fairly sound health with no organic trouble.

The reinstatement application contains a warranty that the answers made by him to the questions propounded in the application were full, complete and true, and made to induce the defendant to reinstate the policy, and with the agreement that defendant should rely and act upon the answers, solely, in passing upon the application for reinstatement of the policy which lapsed for non-payment of premium due September 5, 1920, for which reason it was not in force except under its non-forfeiture provision; also a further provision that the policy should not be deemed reinstated by reason of any cash paid, settlement made, or otherwise, unless and until defendant, at its home office, in acting upon the application, should have reinstated the policy during insured's lifetime and good health, and that if defendant did not mail from its home office, within thirty days from date of application, notice of reinstatement, the application should be deemed declined, and defendant on demand, with surrender of receipt given therefor, should return any payment made, with the application.

To defendant's answer plaintiff demurred, which was overruled, whereupon plaintiff filed his replication.

The first reply in substance alleges that until it filed its answer July 25, 1921, defendant did not inform plaintiff that said reinstatement application was deemed unsatisfactory, but *contra* on divers occasions, stated as its sole reason for refusing to pay plaintiff's demands, that the application did not reach defendant's home office during the insured's lifetime; that it did not appear from the answer that the reinstatement application was not passed upon and approved by defendant soon after it reached its home office. The second reply of plaintiff predicates estoppel on the alleged fact that defendant declined to receive the application for reinstatement unless the insured should sign the printed form with all blanks filled, which printed form contained a paragraph to the effect that the policy should

not be deemed reinstated by reason of any cash payment or settlement made in connection with the application, or otherwise, until the company at its home office, in acting upon the application should have duly reinstated the policy during the lifetime of the insured and while he was in good health, and, which paragraph plaintiff designates as a unilateral agreement not called for by the policy sued on; that it was without consideration and was an unjust and illegal exaction by reason whereof the insured was relieved from any duty to sign such application for reinstatement and was excused therefrom. Plaintiff's third reply asserts estoppel on the alleged fact that until the answer was filed, the defendant by correspondence of its general counsel with plaintiff's attorney stated as its only ground for refusing to pay the amount claimed, that defendant at its home office in New York city, had no opportunity to, and did not, pass upon or approve the application for reinstatement during the insured's lifetime, and based its refusal solely on the purported unilateral agreement printed in the application form, and plaintiff further alleged that the paragraph in the printed form was not called for by the policy, was without consideration, and was wrongfully required to be signed by the insured as a condition for reinstatement. The fourth reply of plaintiff claims estoppel upon the alleged fact that defendant at its home office did pass upon and approve the reinstatement application on the 5th of October, 1920, and was not at liberty to rescind its action to the prejudice of plaintiff.

To plaintiff's replication defendant filed a general demurrer which was sustained by the trial court. The plaintiff electing to stand on his replication, the court entered judgment dismissing the case at plaintiff's costs.

The case comes to this court upon the foregoing record. The only question to be determined here is whether the policy was reinstated after default in the payment of the premium falling due on August 5, 1920. It is conceded that plaintiff is not entitled to recover if the policy was

not reinstated; that if it was reinstated he is entitled to recover.

The amount sued for represents the total premiums received taken at the tabular rate which the beneficiary would be entitled to recover if the death of the insured should occur before February 5, 1923.  The $3000 paid by defendant to plaintiff was term or paid up insurance, automatically continued in force at the time of insured's death under the terms of the policy.

The plaintiff claims that the facts in this case show complete performance of all acts conditional to restoration during the assured's lifetime; that when the application for reinstatement was made to the home office, and the application together with the money for the premium due August 5, 1920, with interest, were delivered to the agent of the branch office of defendant in Denver, the insured had done all that was required of him by the terms of the policy and the policy was then restored.

The defendant's position is that before the policy could be restored insured must make "Written application to the home office with evidence of insurability satisfactory to the company; payment of a sum equal to all the premiums that would have fallen due had all such premiums been paid on the dates when due up to the time of reinstatement, together with interest" at the specified rate; that while he paid the premium to the agent at the branch office of defendant in Denver and delivered his written application to the branch office, still before the policy could be restored, the application must be received and acted upon at the home office in New York, or the defendant given an opportunity to act upon it at the home office, during the lifetime of the insured.

It will be noted that the policy does not contain any provision in words requiring the money or the application to be received at the home office during the lifetime of the insured, or that the application for reinstatement should be passed upon or approved by defendant at its home office during the lifetime of the insured.  The plaintiff urges that

by reason of this, allegation in defendant's answer, "\* \* \* that said application, exhibit A, was not received by said defendant at its said home office, or passed upon, or approved by defendant during the lifetime of said Officer;" and by its general demurrer to plaintiff's fourth reply, the defendant admits that the defendant did approve the application for reinstatement with evidence of insurability on October 5, 1920, the day following the decease of the insured.

The defendant, in support of its position, cites a number of cases, among them the following: *Paine v. Pacific Mut. Life Ins. Co.,* 51 Fed. 689, 2 C. C. A. 459; *Bronson v. Northwestern Mut. Life Ins. Co.,* 75 Ind. App. 39, 129 N. E. 636; *Patterson v. Equitable Life Assur. Soc.,* 112 Ark. 171, 165 S. W. 454; *Kennedy v. Grand Fraternity,* 36 Mont. 325, 92 Pac. 971, 25 L. R. A. (N. S.) 78; *Brown v. Knights of the Protected Ark,* 43 Colo. 289, 96 Pac. 450; *Carlson v. Supreme Council,* 115 Cal. 466, 47 Pac. 375, 35 L. R. A. 643; *Modern Woodmen v. Jameson,* 49 Kan. 677, 31 Pac. 733. These cases can readily be distinguished from the instant case.

We do not think that the cases cited by defendant as applied to the facts disclosed by the record in this case, sustain its contention. That the rights of an insured, making an application for reinstatement of a lapsed policy, are widely different from the rights of those making an original application for insurance, must be conceded and this principle is so plain as to need neither elaboration nor citation of authorities.

The following, among other cases, sustain plaintiff's contention:

*Leonard v. Prudential Ins. Co.,* 128 Wis. 348, 107 N. W. 646, 116 Am. St. Rep. 50; *Prudential Ins. Co. of America v. Union Tr. Co.,* 56 Ind. App. 418, 105 N. E. 505.

In the case of *Prudential Ins. Co. v. Union Tr. Co., supra,* the court, after stating the reasons why the company might reject the application, said:

"On the other hand, if at the time of the filing of such

application to revive, and the signing and delivery of the necessary papers accompanying it, there then existed no valid objection to the form or substance of such application, or papers or the proof furnished therewith, appellant, under its contract, could do but one thing, viz., revive the policy, and such revival would relate back to the time of the application to revive, and the mere fact that the insured, after he had fully complied with the conditions of his contract, died from a cause in no way involved in his proof of insurability which accompanied his revival application, but wholly the result of accident, could in and of itself furnish no valid ground or excuse for a refusal by appellant to revive such policies. The death of the insured in no way affected appellant's right to approve or reject such application to revive, but such death foreclosed the possibility of amendment of such application to revive, or the furnishing of additional proof thereunder. Nor should the fact that the applications to revive did not reach the home office until after the death of the insured, and hence could not have received the approval of such office while the insured was alive have a controlling influence in view of the terms of the policies here involved. This is so for several reasons. As before stated the policy by its terms provides for a lapse of insurance on account of default in payment of premiums and not for a forfeiture. It recognizes that the insured has the right to insurance during the period therein provided, on the performance by him of the conditions therein contained."

Applying the authorities cited to the facts in this case, we hold that the policy was reinstated, and that its restoration related back to the time when the application was delivered to the branch office in Denver. The fact that the insured died, after he had fully complied with the conditions of his contract, furnished no ground for a refusal by defendant to restore the policy.

The judgment of the trial court should be reversed with directions to overrule the demurrer to the plaintiff's reply and to enter judgment for the plaintiff.