Republic Life Ins. Co. v. Craige.

*100 P. 2d 281.*

No. 29165.   Jan. 30, 1940.

Rehearing Denied March 19, 1940.

Gibson & Savage and Sam Glassman, all of Oklahoma City, for plaintiff in error.

Howard B. Hopps and A. D. Erdberg, both of Oklahoma City, for defendant in error.

PER CURIAM. The plaintiff in error, hereafter referred to as defendant, on March 5, 1937, issued its policy of insurance on the life of Garland G. Hensley, naming defendant in error, hereafter referred to as plaintiff, as beneficiary therein. The policy contained the following provision:

"Should this policy lapse it may be reinstated at any time upon presentation of evidence of insurability satisfactory to the company and upon payment of all premium arrears with interest at six (6%) per cent. and the payment on reinstatement of any other indebtedness to the company on account of this policy."

On June 5, 1937, the policy was permitted to lapse. Application for reinstatement made on August 2, 1937, was granted August 9, 1937. The policy was again permitted to lapse on September 5, 1937. The insured again applied for reinstatement on November 10, 1937. The insured was fatally injured in an automobile accident on November 22, 1937, and on November 23, 1937, the defendant gave notice of its intention not to reinstate the policy. The insured died November 25, 1937, as a result of injury sustained in the automobile accident. The defendant denied liability, and this action followed. The cause was tried to a jury. The evidence introduced by the plaintiff showed that the insured had complied with all requirements essential to a reinstatement of his policy. The defendant demurred to the evidence of the plaintiff, and when this was overruled, declined to introduce any evidence in its own behalf, and thereupon a verdict was directed in favor of plaintiff. The defendant prosecutes this appeal. The contentions of the defendant are, in substance, that since the insured was required to submit proof of insurability satisfactory to the company, there could be no reinstatement of the policy until it had expressed its satisfaction with the proof submitted, and that the evidence of the plaintiff does not establish the fact that it acted arbitrarily or capriciously in refusing to reinstate the policy. We are cited to a number of cases which hold that where a policy has lapsed and an application for reinstatement has been made, this constitutes an offer to make a new contract, and until the offer so made is accepted there is no contract between the parties for the reason that there has been no meeting of the minds. We have held, however, in the recent case of Illinois Bankers Life Ass'n v. Palmer, 176 Okla. 514, 56 P. 2d 370:

"A provision in a life insurance policy to the effect that 'if this policy shall lapse by nonpayment of any premium when the same shall become due, it may be reinstated by the holder furnishing satisfactory evidence of insurability to the association,' does not operate to confer arbitrary or discretionary power upon the officials of the association to refuse reinstatement, and where the holder furnishes evidence which is sufficient to

show insurability and tenders payment of past-due premiums, and the officials refuse to reinstate said policy, held, that said refusal is wrongful and a cause of action arises upon said policy.

"Where the holder of a policy of life insurance has, by its terms, a contractual right to reinstatement, conditioned only upon payment of arrears of premiums on the policy, and 'upon evidence of insurability satisfactory to the company' such right cannot be impaired or limited by subsequent conditions contained in the application for reinstatement furnished by the insurer."

In the case at bar the evidence of plaintiff shows that the insured had made application on November 10, 1937, for reinstatement of his policy and that at the time he was in good health and that there existed no valid objection to the form or substance of the application so made and that the insured had complied with all of the requirements imposed upon him and that until the accident of November 22, 1937, there existed no valid reason why the policy should not have been reinstated in accordance with its terms. Under such circumstances, we are of the opinion that the action of the defendant in attempting to reject the application after the injury to the insured came too late. It is a well-established rule that where a lapsed policy contains provisions authorizing the insured to renew the same upon furnishing proof satisfactory to the insurer that he is in good health, and upon performing other specified conditions the insured, after lapse of policy makes the necessary application for reinstatement and meets the other requirements of the policy and is actually in good health at the time of making the application for reinstatement and there then exists no valid objection to the form or substance. of such application, the policy thereby in effect becomes automatically reinstated, and the beneficiary is entitled to recover under said policy in the event of death of insured from causes arising subsequent to the filing of said application for reinstatement even though said application was never acted upon nor ac-

cepted by the insurer prior to the death of the insured. See Prudential Life Ins. Co. v. Union Trust Co., 56 Ind. App. 418, 105 N. E. 505; Muckler v. Guarantee Fund Life Ass'n, 50 S. D. 140, 208 N. W. 787; Leonard v. Prudential Life Ins. Co., 128 Wis. 348, 107 N. W. 646, 116 Am. St. Rep. 50; Hinchcliffe v. Minnesota Commercial Men's Ass'n, 142 Minn. 204, 171 N. W. 776.

In view of the conclusion thus reached, it is unnecessary to discuss the other contentions advanced by the defendant. The law is with the plaintiff, and no reversible error is presented. Judgment affirmed.

BAYLESS, C. J., and RILEY, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., and CORN, J., dissent. OSBORN, J., absent.