# GRESSLER et al. v. NEW YORK LIFE INS. CO. et al.

No. 6775.   Decided February 28, 1945.   (156 P. 2d 212.)

Rehearings Denied November 10, 1945 and January 28, 1946.

See 37 C. J., Life Insurance, sec. 237; 29 Am. Jur., 251.

For opinion on rehearing see 108 Utah 182, 163 P. 2d 324.

*Critchlow & Critchlow,* of Salt Lake City, for appellant.

*Romney & Nelson,* of Salt Lake City, for respondents.

WOLFE, Justice.

Plaintiffs, the sole beneficiaries under the terms of an insurance contract, bring this action to recover the benefits provided for in said contract issued by the defendant New York Life Insurance Company upon the life of one Herbert E. Gressler. From a judgment in favor of the plaintiffs, defendant New York Life Insurance Company appeals.

The facts, having been presented by written stipulation, are not in dispute. In 1936 at Salt Lake City, Utah, defendant New York Life Insurance Company, hereinafter referred to as the Company, issued a policy of life insurance upon the life of Herbert E. Gressler. The policy lapsed for the non-payment of a premium which became due on January 13, 1940. Upon application of the insured the policy was reinstated charged with a loan. The policy lapsed again for nonpayment of the premium which became due on March 13, 1940. At this latter date the cash surrender value above the amount of the existing loan upon the policy was sufficient to purchase, as a net single premium, temporary insurance of $2942.00 upon the life of the insured at his then attained age for 168 days from March 13 to August 28, 1940 and was so used. Notice to this effect was mailed to the insured at his last known address.

On August 22, 1940, a clerk in the office of the Company at Spokane, Washington, received a telephone call from the insured who stated that he desired to reinstate this lapsed policy. The clerk answered that it would be necessary to write to the office in Portland, Oregon, to ascertain the status of the policy. This information was obtained and given to the insured by an agent of the Company on August 31st. On this latter date the insured delivered to the agent his check for $15 payable to the Company together with a signed application for reinstatement of the policy, and application for a loan, and a policy loan agreement. This fifteen dollars, together with the amount of the proposed loan, was sufficient to pay all past due premiums and all previous indebtedness. On September 3rd the Spokane office forwarded the application papers and the check to the Portland office. The file was still in the Portland office when on September 10th an air mail letter arrived from the Spokane office notifying Portland of the insured's death on September 8th.

Application was made by the plaintiffs as beneficiaries for the benefits provided under the terms of the policy. The

Company denied liability and this suit resulted. The trial court held that the policy was in effect at the time of the insured's death and entered judgment in favor of the plaintiffs for the benefits in accordance with the terms of the policy. From this judgment the Company appealed.

Under the evidence it is clear that by August 29, 1940, the policy had lapsed for non-payment of premium and that the temporary insurance covering 168 days from the date of the March 13th default had expired. Therefore, unless the evidence shows that by the acts of the parties the policy was reinstated, or that the company was estopped to deny reinstatement, the insurance company was not liable thereunder.

The primary question then is: Was the policy reinstated? The policy contained a clause relating to reinstatement. It provided:

"This policy may be reinstated at any time within five years after any default, upon presentation at the Home Office of evidence of insurability satisfactory to the Company and payment of overdue premiums with interest * * *."

Courts are not in agreement as to the legal conception which applies to such a reinstatement clause in an insurance policy. Some courts have taken the view that an application for reinstatement of a lapsed policy constitutes an offer to enter into a new contract. See *Foley* v. ▮ *New World Life Ins. Co.*, 185 Wash. 89, 52 P. 2d 1264, 104 A. L. R. 473; *Broughton* v. *Equitable Life Insurance Soc.*, 5 Cir., 71 F. 2d 821, 823; *MacDonald* v. *Metropolitan Life Insurance Co.*, 304 Pa. 213, 155 A. 491, 77 A. L. R. 353; 105 A. L. R. 478.

Other courts take a contrary view. The Supreme Court of California in *Kennedy* v. *Occidental Life Ins. Co.*, 18 Cal. 2d 627, 117 P. 2d 3, 5, set forth the theory of this other line of cases as follows:

"By the terms of the policy the insured is given a right to reinstatement after lapse upon compliance with certain conditions. Dur-

ing the period in which reinstatement is possible the policy is not void but merely suspended. The right to revive the policy by reinstatement is a valuable contractual right, the consideration for which is found in the premiums paid and to be paid under the original policy, and the insurer has no arbitrary or discretionary right to refuse reinstatement if all the conditions therefor have been complied with. These views are supported by the weight of authority. *Rothschild* v. *New York Life Ins. Co.*, 106 Pa. Super. 554, 162 A. 463; *Mutual Life Ins. Co.* v. *Lovejoy*, 203 Ala. 452, 83 So. 591; *Officer* v. *New York Life Ins. Co.*, 73 Colo. 495, 216 P. 253; *Union Central Life Ins. Co.* v. *Merrell*, 52 Ga. App. 831, 184 S. E. 655; *Muckler* v. *Guarantee Fund Life Ass'n*, 50 S. D. 140, 208 S. E. 787; *Bowie* v. *Bankers Life Co.*, 10 Cir., 105 F. 2d 806, 808; *Hogue* v. *Supreme Liberty Life Ins. Co.*, 59 Ohio App. 409, 18 N. E. 2d 503; *Froehler* v. *North American Life Ins. Co.*, 374 Ill. 17, 27 N. E. 2d 833; *Illinois Bankers Life Ass'n* v. *Palmer*, 176 Okl. 514, 56 P. 2d 370; *Republic Life Ins. Co.* v. *Craige*, 186 Okl. 692, 100 P. 2d 281; *Burchfield* v. *Home Benefit Ass'n*, Tex. Civ. App. 73 S. W. 2d 559, 561; 7 Temple Law Q. 374; 98 A. L. R. 345; 3 Appleman, Insurance Law and Practice, [§§ 1971, 2012, pp.] 609, 612, 654."

We believe that the reasoning and the holding of the Supreme Court of California in the Kennedy case is sound. The whole policy was not forfeited immediately upon the default of a premium payment. To the contrary the policy expressly gave the insured a contractual right to reinstate the policy upon compliance with certain conditions. This clause would be of no possible use if it were to become of no effect upon default in payment of premiums.

The Company contends that since the negotiations for reinstatement were instituted in the state of Washington, the Utah courts should follow the ruling of the Washington Supreme Court in *Foley* v. *New World Life Ins. Co.*, supra, and hold that the application for reinstatement is an offer to enter into a contract for reinstatement. This is not correct. The original contract, the policy itself, was a Utah contract. It is this contract which created the rights and imposed the obligations relating to reinstatement.

The nature of such rights and obligations flowing from the terms of the policy itself is governed by the law of the

place where the contract was made—in this case, Utah. Beale, Conflict of Laws, Vol. II, p. 1200, 1210. As interpreted under Utah law the reinstatement clause gave the insured a contractual right to reinstatement upon compliance with the conditions imposed. *Parker* v. *California State Life Ins. Co.*, 85 Utah 595, 40 P. 2d 175. The filing of an application for reinstatement was neither an offer to enter into a new contract of insurance nor an offer to enter into a contract to reinstate the old policy. It was but the first step taken to comply with these conditions.

The first condition imposed by the reinstatement clause here was that the insured present at the home office evidence of insurability *satisfactory to the company*. "Insurability" as here used may include, in addition to the state of the insured's health, matters affecting the insurance risk involved such as would have been taken into account at the time the policy of insurance was originally issued. See *Equitable Life Assurance Society* v. *Pettid*, 40 Ariz. 239, 11 P. 2d 833; *Kallman* v. *Equitable Life Assurance Society*, 248 App. Div. 146, 288 N. Y. S. 1032, affirmed 272 N. Y. 648, 5 N. E. 2d 375. As to the evidence which will be deemed sufficient to satisfy the company, the overwhelming weight of authority is to the effect that the company, under such a reinstatement clause, cannot be arbitrary or capricious, but that evidence which should be satisfactory to a reasonable insurer is all that is required. *Kennedy* v. *Occidental Life Insurance Co.*, supra, and cases cited therein.

There is an apparent disagreement in the cases as to when reinstatement will be deemed to have taken place, although this disagreement may be more apparent than real. Courts adhering to the theory that an application for reinstatement of a lapsed policy constitutes an offer to enter into a new contract hold that there is no reinstatement until the insurance company actually receives the application and accepts it either expressly or by conduct or, perhaps, by allowing an unreasonable period of time

to elapse without acting on the pending application. See *Broughton* v. *Equitable Life Assurance Society*, supra; *Foley* v. *New World Ins. Co.*, supra.

In a number of cases recovery has been allowed where the insured died while the application for reinstatement was still in the mails and had not reached the company. *Parker* v. *California State Life Ins. Co.*, supra; *Officer* v. *New York Life Ins. Co.*, 73 Colo. 495, 216 P. 253; *Prudential Ins. Co.* v. *Union Trust Co.*, 56 Ind. App. 418, 105 N. E. 505; *Jackson* v. *Northwestern Mutual Relief Ass'n*, 78 Wis. 463, 47 N. W. 733. In these cases the courts adhered to the theory that the reinstatement clause gave the insured a contractual right to have the policy reinstated upon compliance with the conditions imposed. When the insured had submitted evidence of insurability which should be satisfactory to a reasonable insurer and had paid all the premiums which he would have paid even though the policy had not lapsed, the courts held that there was no valid reason why the policy should remain suspended while the application went through the insurer's routine for approval. For other cases applying the same reasoning see *Kennedy* v. *Occidental Life Ins.*, supra; *Burchfield* v. *Home Benefit Ass'n*, supra, Tex. Civ. App., 73 S. W. 2d 559; *Forney* v. *Fidelity Mut. Life Ins. Co.*, 87 Kan. 397, 124 P. 406; 105 A. L. R. 478, 479.

We noted in the Parker case, supra, [85 Utah 595, 40 P. 2d 178], that

"When the insured * * * had fully complied with every requirement made by the defendant as a condition of reinstatement, leaving nothing but the formal approval of the company, the mere fact that he died from causes that in no way affected his insurability did not affect his right to have the company approve the application to reinstate."

But as noted in the Kennedy case, supra,

"if at the time the application was submitted the insurer would have been justified in rejecting the application, or in requiring further

proof before reinstating the policy, it may do so even though the death of the insured has intervened."

In line with this there are cases, involving fact situations under which it could *not* have been held that any reasonable insurer should have been satisfied with the evidence of insurability presented, holding that the insurer must be given a reasonable time in which to determine whether it is satisfied. *Rocky Mount Savings & Trust Co.* v. *Aetna Life Ins. Co.*, 199 N. C. 465, 154 S. E. 743; *Waldner* v. *Metropolitan Life Ins. Co.*, 149 Kan. 287, 87 P. 2d 515; *Gross* v. *Home Life Ins. Co.*, 112 Pa. Super. 96, 170 A. 432.

Of course, even though the evidence of insurability presented is such that a reasonable insurer would be justified in making further inquiry, the insurer may if it sees fit determine that the evidence is satisfactory to it and reinstate the policy. Since the condition is only that the evidence be satisfactory to the insurer, it is complied with as soon as the particular insurer is satisfied, and this is true even though the evidence would not have satisfied another reasonable insurer. Thus if the insurer, expressly or by conduct, indicates that it is satisfied, the policy should be deemed reinstated without awaiting notification. In line with this the courts hold that if the insurer has had the application and allowed an unreasonable time to elapse without acting on it, the policy will be deemed reinstated. See 105 A. L. R. 478, 486. Some cases may justify this holding on the theory of estoppel and others on the theory that by the delay when it had a duty to act the insurer has indicated that it is satisfied.

It is usually a question for the jury whether or not an unreasonable time has elapsed, although in a given case the court might hold as a matter of law that the time is or is not unreasonable. *Waldner* v. *Metropolitan Life Ins. Co.*, supra, 149 Kan. 287, 87 P. 2d 515; *Gilreath* v. *Security Life & Trust Co.*, 170 S. C. 309, 170 S. E. 445; 105 A. L. R. 478, 486.

In this case the policy had lapsed for non-payment of the March 13th premium. The application for reinstatement was not made by the insured until August 31st. With such a period of time intervening the Company would have been justified in being somewhat critical in passing upon the applicant as an insurance risk. The evidence furnished by the insured consisted only of the answers to three general questions concerning his health. As a matter of law it cannot be held that the evidence of insurability was such that any reasonable insurer should have been satisfied by it. Nor did the company by affirmative act indicate that it was satisfied.

The matter then must be resolved by determining whether or not the insurer unreasonably delayed action on the application. The application for reinstatement was on August 31st given to the Company's agent at some location away from the Company's local business office. The time of day it was delivered to the agent does not appear, August 31, 1940, was Saturday. The business office closed at 1:00 p. m. on Saturdays and remained closed all day on Sunday, September 2nd, Monday, was Labor Day and a legal holiday. The office remained closed that day also. On Tuesday, September 3rd, the Spokane office mailed the application to the Portland office. It was received by this latter office on September 4th. It remained in that office without action until September 8th, the date of the applicant's death. Company procedure required that any application to reinstate a policy which had been lapsed for over three months and involved a face amount of over $2,000 be sent to the home office in New York for approval. This policy came within this rule. Had the letter been sent from the Portland office immediately to New York by regular course of mail it may have been possible that it could have been approved before the date of death had the Company so chosen to approve without investigation. But to have it thus reach New York and have approval of the home office it would have had to have been handled forthwith after receipt or in some other

manner rushed to New York, and approved without further questioning or investigation, a right which, as before said, resided in the Company. There is no reason shown why action on this policy should have been expedited or why it should have been put ahead of other matters then in the office. The Company was justified in letting this application take its usual turn and proceed in its normal course. While the four day delay in the Portland office was unwarranted and must be charged against the Company in determining reasonable time, the over-all time elapsing between the filing of the application and the death was not unreasonable. We hold as a matter of law that the reasonable time which the Company had to act had not been exhausted before the date of the death.

Reversed with instructions to dismiss. No cause of action.

LARSON, C. J., and McDONOUGH, TURNER, and WADE, JJ., concur.