**Willard M. FREED, Executor of the Estate of Scott Swisher, Deceased, Appellee,**

v.

**BANKERS LIFE INSURANCE COMPANY OF NEBRASKA, Appellant.**

No. 56281.

Supreme Court of Iowa.

March 27, 1974.

Cahill, Lovelace, Poula & Wimpey, Iowa City, for appellant.

L. G. Klein, Coralville, and Willard M. Freed, Iowa City, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

LeGRAND, Justice.

This appeal presents for the first time the question whether an incontestability clause in a group life insurance policy bars the insurer from defending against a claim on the ground the decedent was not an employee eligible for insurance under the terms of the policy. The trial court held against the insurer, and we agree.

The matter arises on an application for adjudication of law points under rule 105, Rules of Civil Procedure. The defendant insurer concedes it is liable unless the incontestable clause is available as a defense. The trial court's ruling is therefore final for purposes of appeal.

The facts upon which an adjudication under rule 105 was requested are as follows. On December 15, 1970, defendant company issued a policy of group insurance to Johnson County Broadcasting Corporation on the lives of all participating

full-time employees of that company. The policy defined a full-time employee as one who worked at least 30 hours per week.

Under the policy individual certificates were issued to each employee as to his "Personal Insurance." This is the term used in the policy. Such a certificate was delivered to Scott Swisher, and premiums were paid on his insurance from the date the policy became effective until his death on February 6, 1972. Thereafter defendant refused to pay the proceeds of the policy on decedent's life—$50,000.00—on the ground it had discovered after his death he was not a full-time employee as defined by the policy at the time it was issued or at any time thereafter. Although defendant denies this allegation, we are not concerned with that factual dispute. The only question tendered to the trial court by the rule 105 application is the legal proposition that, even if decedent was not an employee as defined by the policy, the defendant is barred from raising this as a defense because of the incontestability clause contained in the policy. This is all the trial court decided and it is all that we consider. See Reynolds v. Nowotny, 213 N.W.2d 648 (Iowa 1973).

Group insurance is a type of insurance which extends protection to a designated class of persons (frequently the employees of a certain business) under a single or "master" contract. It permits a lower premium because it effects certain economies in selling and servicing the policy. It is usually held to be a contract between the employer and the carrier for the benefit of the insured employees. 44 Am. Jur.2d, Insurance, § 1868, page 801 (1969).

The group policy issued by defendant included this clause:

"The validity of the various provisions of this policy will not be contested by the Insurance Company after one year from the date of issue except for non-payment of premiums. No statement made by any Insured Person relating to his insurability shall be used in contest-ing the validity of the insurance with respect to which such statement was made after such insurance has been in force prior to the contest for a period of one year during the Insured Person's lifetime, nor unless it is contained in a written application signed by him."

Except that the policy period of contestability was shortened to one year, this paragraph—commonly referred to as the incontestability clause—adopts the literal language of our two-year incontestability statute. See § 509.2(2), The Code.

It is conceded the policy had been in force for more than one year prior to Scott Swisher's death. The incontestability features of the policy had therefore become fixed. The precise question presented for review is this: Does the incontestable clause prevent defendant from now asserting the insurance on decedent's life is invalid because it was issued on the misrepresentation that he was an eligible member of the class to which such insurance was offered?

We have already noted that this matter has not previously been before us. However, much of the groundwork upon which our decision depends has been done by courts of other jurisdictions. The battle-lines are clearly drawn between two competing theories, each supported by formidable authority. Our task is to choose the one we find most logical and persuasive.

The cases, pro and con, are listed in an annotation at 26 A.L.R.3d 632 (1969). See also Insurance Law Journal, March, 1969, page 142 and E. Crawford, The Law of Group Insurance, § 58 (1936).

Strangely enough, as pointed out in the annotation referred to, there has not been as much litigation on this matter as might be expected—to which we add that the available cases have done little to settle the question. As one court has put it, the authorities are "hopelessly split." Gill v. General American Life Insurance Co. (8th Cir. 1970), 434 F.2d 1057, 1058.

Without attempting to review the history and background of cases dealing with this issue, we pick up the quarrel at the point where two recent decisions, one from New York and the other from Illinois, have epitomized the opposing lines of authority. On almost identical facts they reached opposite results.

In Simpson v. Phoenix Mutual Life Insurance Co. (1969), 24 N.Y.2d 262, 299 N.Y.S.2d 835, 247 N.E.2d 655, it was held an incontestable clause identical with ours bars a defense based on misrepresentation of the employer-employee relationship after the contestable period has expired. Several years later, Crawford v. The Equitable Life Assurance Society of the United States (Ill.1973), 305 N.E.2d 144, reached the conclusion that such a defense was permitted even though the time for challenging the policy under the incontestable clause had passed.

It is impossible to distinguish or reconcile these two cases. Each adopts a line of reasoning previously espoused by other courts and each, too, claims to draw solace from an early New York case (Metropolitan Life Insurance Co. v. Conway, 252 N.Y. 449, 169 N.E. 642 (1930) ), although they disagree sharply as to its meaning. The *Conway* case is cited by virtually all text and case authorities on this subject. *Simpson* (decided by the same court which handed down *Conway*) finds no conflict with that case. In *Crawford,* on the other hand, the Illinois Supreme Court states that *Simpson* is a "basic departure" from the principles upon which *Conway* was based. In other words, these decisions, contrary to each other, both lay claim to *Conway* as support for the view expressed.

■ We cast our lot with *Simpson*. *Conway* was concerned solely with the limitation of risks covered by the policy. It excluded death resulting from "travel or flight in any species of aircraft, except as a fare-paying passenger." This limitation on coverage as to a *future event* cannot be equated to a presently existing condition (decedent's employment status) which could have been verified by the most cursory investigation at the time the policy was issued or at any time during the contestable period. The exclusion based on death from prohibited air travel, on the other hand, is meaningless if it cannot be asserted after the incontestable period has expired because the forbidden event may not occur until much later.

This element of discoverability is vital to the *Simpson* analysis. It is the rationale upon which *Conway* was distinguished, and we think properly so.

*Crawford* brushes this aside and adopts instead the theory advanced by General American Life Insurance Co. v. Charleville (Mo.1971), 471 S.W.2d 231, 236, which holds that such a result defeats one of the principal advantages of group insurance—economy resulting from "self administration" of such insurance. This simply means that in group insurance much of the burden of deciding who shall be insured, the collection and payment of premiums, and other details is placed upon the master policyholder (here the Johnson County Broadcasting Corporation). This relieves the insurer from separately deciding such matters as to each individual and results in substantially lesser premiums.

This argument might have greater validity if payment of claims was also to be self administered; but if the insurer is to investigate and verify one's eligibility for insurance *after* the loss, the incontestability clause should require this same diligence *before,* if a defense such as is asserted here may be relied on to avoid the claim.

In this regard we point out it appears to have been a simple matter for the insurer to discover after decedent's death that he was not an employee. Since that determination must be made at some time, why is it a hardship to demand it be made when it will permit the insurer to accept or reject the applicant?

Another reason we prefer *Simpson* over *Crawford* is that *Crawford* gives effect to

only part of the incontestable clause and completely disregards the rest of it. This is pointedly referred to in the dissent. The *Crawford* majority concluded that the reference to "insurability" is limited to cases when individual proof of insurability is required. We see no reason for such a narrow and strict construction of the statute upon which this policy provision is based. It is much more reasonable to accord insurability, as used here, a meaning which would embrace all those factors upon which the insurer would make a determination whether to accept or reject an applicant. Here that would include his status as an employee.

This view is supported in principle by the following cases: New England Mutual Life Insurance Co. v. Hinkle (8th Cir. 1957), 248 F.2d 879, 885; Colonial Life Insurance Co. of America v. Mazur, 25 N.J. Super. 254, 96 A.2d 95, 99 (1953); Gressler v. New York Life Insurance Co. (1945), 108 Utah 173, 156 P.2d 212, 214; Kirby v. Prudential Insurance Co. of America, 239 Mo.App. 476, 191 S.W.2d 379, 382, 383, 162 A.L.R. 660, 665 (1945); Kahn v. Continental Casualty Co., 391 Ill. 445, 63 N.E.2d 468, 474 (1945); Greenberg v. Continental Casualty Company, 24 Cal. App.2d 506, 75 P.2d 644, 649 (1938). See also Black's Law Dictionary (Rev. 4th ed. 1968), where "insurable" is defined as "capable of being insured; proper to be insured; affording a sufficient ground for insurance."

In addition to Simpson v. Phoenix Mutual Life Insurance Co., supra, support for our conclusion may be found in Cragun v. Bankers Life Co., 28 Utah 2d 19, 497 P.2d 641, 643 (1972); Equitable Life Assurance Society v. Florence, 47 Ga.App. 711, 171 S.E. 317 (1933) (but see Washington National Insurance Co. v. Burch (5th Cir. 1959), 270 F.2d 300, which applies a different interpretation to a Georgia statute); Baum v. Massachusetts Mutual Life Insurance Company (Okl.1960), 357 P.2d 960; John Hancock Mutual Life Insurance Company v. Dorman (9th Cir. 1939), 108 F.2d 220; Morris v. Missouri State Life Insurance Co. (1933), 114 W.Va. 278, 171 S.E. 740; Poffenbarger v. New York Life Insurance Co. (D.C.W.Va.1967), 277 F. Supp. 726.

Defendant insists two cases, one our own and the other a decision of an Iowa federal district court, point the way to a result contrary to the one we have reached. We discuss each of these briefly to show why we cannot agree. See Rasmussen v. Nebraska National Life Insurance Co., 170 N.W.2d 370 (Iowa 1969) and Commercial Insurance Co. of Newark v. Burnquist (N.D.Iowa 1952), 105 F.Supp. 920.

In *Rasmussen* there were two group policies of credit life insurance. The question was, which should apply. The real issue concerned a provision in the first policy that it should terminate upon payment of the indebtedness which it was issued to secure. The indebtedness secured was completely repaid; later, new indebtedness was incurred. New credit life insurance was extended. Upon the debtor's death, his personal representative sought to recover under the first policy; the company insisted that contract was terminated and its liability was to be measured only by the second one.

We held there the incontestable clause does not preclude enforcement of a policy provision for termination under the facts related. The case did not deal with the question now before us.

In the *Burnquist* case, the court was dealing not with a group life insurance policy but with a group accident and health policy. There is no statute requiring an incontestable clause to be included in such a policy; but one was included. It was, however, of very limited application, providing that policies issued under the master contract with the Iowa State Bar Association would be "incontestable as to the time of origin of sickness which causes loss after the effective date of his or her certificate." There was no incontestability clause which would bar the insurer from

asserting the defense that claimant had never been eligible for membership. *Burnquist* simply held the insurer had waived its right to do so. It did not consider or decide the point at issue here.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.