## Groll v. Safeco Life Insurance Co.

*John J. Levy,* for plaintiff.
*Joel P. Fishbein,* for defendant.

YOHN, *J.*, April 17, 1989 — Mary Groll sued Safeco Life Insurance Company under a group life insurance policy which she claims covered her husband, who is now deceased. The parties agree there were no material issues of fact and after briefing and oral argument this court granted plaintiff's motion for summary judgment. Defendant appeals.

## FACTS

The parties have stipulated and agreed to the following statement of facts:

(1) Mary Groll is the widow of Michael Groll, who was shot and killed in his home on January 1, 1986 during a burglary.

(2) On November 1, 1982, Safeco issued a policy of group insurance to the Kaplan Company on the lives of Kaplan's regular full-time employees working a minimum of 30 hours each week.

(3) Safeco supplied enrollment cards to Kaplan for its employees to fill out and to designate their beneficiaries.

(4) Premiums were paid on Michael Groll's insurance from the date the policy became effective on November 1, 1982, through the date of his death, and those premiums were accepted by Safeco.

(5) Under the policy, the amount of basic life insurance coverage on each insured was $10,000. An additional $10,000 of life insurance coverage was provided in the event of an accidental death.

(6) As defined under the policy, Michael Groll's death was an accidental one.

(7) Kaplan submitted a notice of claim to Safeco on January 9, 1986, and requested that Safeco pay the $20,000 of insurance proceeds directly to Michael Groll's beneficiary, Mary Groll.

(8) Safeco has refused to pay the proceeds to

Mary Groll, alleging that Michael Groll was not a regular full-time employee of Kaplan working a minimum of 30 hours each week for the Kaplan Company and therefore was not eligible to be an insured under the policy.

(9) Michael Groll's principal vocation was the practice of medicine. He was not "a regular full-time employee" of the Kaplan Company, as that phrase is defined in the policy. Michael Groll did not work a minimum of 30 hours per week for the Kaplan Company at any time subsequent to November 1, 1982.

(10) The policy contained the following incontestability clause:

"*Incontestability* —

"Safeco will not contest the policy, except for non-payment of premium, after the policy has been in force for two years.

"Safeco can only contest your coverage under this policy if:

"(a) the contest is based on your statement of insurability;

"(b) the statement is in writing and signed by you; and

"(c) your coverage has been in force for less than two years during your lifetime."

(11) The policy was in force for more than two years prior to the death of Michael Groll.

(12) The premiums for the policy were paid in full up to the date of Michael Groll's death.

(13) Safeco did not contest the eligibility of Michael Groll to enroll as a member of the covered group of Kaplan employees within the two-year time period provided in the policy's incontestability claims.

(14) At no time prior to the death of Michael Groll did Safeco investigate whether Michael Groll was properly listed as an eligible employee under the policy with Kaplan.

(15) Pennsylvania law governs the decision in this case.

## DISCUSSION

Summary judgment shall be rendered upon a showing that "there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). Our Superior Court has stated the standard for granting summary judgment as follows:

"The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. In determining whether the moving party has met this burden, the court must examine the record in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences. All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party." *Pa. Gas & Water Co. v. Nenna & Frain Inc.*, 320 Pa. Super. 291, 467 A.2d 330 (1983), citing *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979).

In the instant case, both parties stipulated that there were no material issues of fact. Consequently, our inquiry is limited to whether or not plaintiff is entitled to judgment as a matter of law.

The question before us is whether an employee who, admittedly, did not meet the eligibility requirements of an employer's group life insurance policy is nevertheless covered by the policy on the date of his accidental death where the policy contained a two-year incontestability clause and, in fact, was not contested within the two-year contestability period. If the incontestability clause does bar the insurer from raising the defense to payment, then Safeco as a matter of law

could not prevail at trial and plaintiff's motion for summary judgment was properly granted.

Pennsylvania statutorily mandates that insurers include two-year incontestability clauses in all life insurance policies issued within the Commonwealth of Pennsylvania. Section 410 of the Insurance Company Law of 1921, Act of May 17, 1921, P.L. 682, as amended, 40 P.S. §510(c) provides, in pertinent part:

"§510. Uniform policy provisions —

"No policy of life or endowment insurance, except policies of industrial insurance where the premiums are payable monthly or oftener, shall hereafter be delivered in this commonwealth unless it contains, in substance, the following provisions or provisions which, in the opinion of the Insurance Commissioner, are more favorable to the policyholder.

. . .

"(c) A provision that the policy shall be incontestable after it has been in force, during the lifetime of the insured, two years from its date of issue, except for non-payment of premiums; and that, at the option of the company, provisions relative to disability benefits, and provisions which grant additional insurance specifically against death by accident or accidental means, may be excepted."

Despite this statutory language that a policy is incontestable after it has been in force for two years during the life of the insured, there are two distinct lines of cases interpreting just what is incontestable.[*]

---

[*] *First Pennsylvania Banking & Trust Co. v. United States Life Insurance Co.,* 421 F.2d 959 (3d Cir. 1969) is a federal court decision which attempted to predict and apply Pennsylvania law on the issue of an incontestability clause barring the defense that the decedent failed to meet the employment eligibility requirement. In dicta the court concluded that since there were no Pennsylvania cases on this issue, if it were to come before a Pennsylvania court, the court would

Safeco asserts that an incontestability clause precludes an insurer from contesting the validity of the policy but does not bar the defense that the insured did not qualify for coverage under the policy. *Metropolitan Life Insurance Co. v. Conway*, 169 N.E. 642 (1930). Pursuant to this theory, Safeco argues that an insurer may present the defense that an individual did not meet the employment eligibility requirements at the time of his death. *Washington National Insurance Co. v. Burch*, 270 F.2d 300 (5th Cir. 1959). Since the hours an employee works may change over time, Safeco insists that an insurance company must be able to cancel a policy upon learning that an individual no longer meets the 30-hour full-time employment requirement for coverage. *First Pennsylvania Banking & Trust Co. v. United States Life Insurance Co. in the City of New York*, 421 F.2d 959 (3d Cir. 1969). Finally, Safeco argues that strict enforcement of incontestability clauses would necessitate costly investigations which would negate the cost advantages of group life insurance. *Crawford v. The Equitable Life Assurance Society of the United States*, 56 Ill. 2d 41, 305 N.E. 2d 144 (1973).

Plaintiff argues that the incontestability clause bars Safeco from challenging the deceased's eligi-

---

hold in favor of the insurer. The *First Pennsylvania* court's conclusion is dicta because there was no cross appeal by the plaintiff from the trial court's decision that the incontestability clause was inapplicable. The only issue before the court was whether as a matter of law, the insurer had waived the employment eligibility requirement. Moreover, a federal decision purporting to ascertain and apply Pennsylvania law is persuasive authority only and is not binding upon Pennsylvania courts. For example, *Fischer v. United States Life Insurance Co. in the City of New York*, 249 F.2d 879 (4th Cir. 1957) attempted to ascertain and apply New York law on this very issue, but its conclusion was later rejected by the highest court in New York in *Simpson v. Phoenix Mutual Life Insurance Co.*, 24 N.Y. 262, 247 N.E. 2d 655 (1969).

bility under the policy. In *Simpson v. Phoenix Mutual Life Insurance Co.*, 24 N.Y. 2d 262, 299 N.Y.S. 2d 835, 247 N.E. 2d 655 (1969) the New York Court of Appeals was faced with the question of whether an incontestability provision barred a defense to payment of proceeds based upon an employment eligibility provision in the policy. In *Simpson*, as in the instant case, the group life insurance policy required an employee to work a minimum of 30 hours per week to be eligible for insurance; yet, despite this provision, it was admitted that the named insured did not meet this requirement. In finding the named beneficiary entitled to proceeds upon the insured's death, the *Simpson* court held than an incontestability clause barred the insurer from raising a defense based upon employment eligibility after the contestability period has expired.

The *Simpson* court defined the scope of incontestability clauses by distinguishing between conditions of insurance and limitations on coverage. Conditions of insurance were considered to be subject to the incontestability clause, but limitations on coverage were not.

*Simpson* set forth a "discoverability doctrine" to distinguish those policy clauses which were conditions of insurance from those which were limitations on coverage. If the circumstance which is the subject of the policy clause is discoverable by the insurer at the time of inception of the policy, then the clause is deemed a "condition." However, if the circumstance is not discoverable at the inception of the policy, then that policy clause is deemed a "limitation on coverage." When the circumstance subject to a policy clause is discoverable to the insurer, through investigation, at the time of inception of the policy, then the insurer is bound to

discover that circumstance ("condition") within the contestability period. If it does not, the incontestability clause precludes a validity defense based upon subsequent discovery of that condition.

Applying the discoverability doctrine, the *Simpson* court determined that "eligible employment is ascertainable when a group policy is issued." *Simpson,* 24 N.Y. 2d at 267. Consequently, employment eligibility is deemed a condition and the insurer is precluded, after expiration of the contestability period, from raising the subsequent discovery that the insured did not comply with the 30-hour full-time employment eligibility clause as a defense to coverage. Accordingly, *Simpson* held that insurance eligibility is a discoverable condition and the insurer, not having discovered within the contestable period that the insured did not work 30 hours per week, was barred from raising it as a defense in the beneficiary's action to recover proceeds. *Simpson,* 24 N.Y. 2d at 269.

The discoverability analysis set forth in *Simpson* has been followed by other courts faced with the same issue. See *Cragun v. Bankers Life Co.,* 25 Utah 2d 19, 197 P.2d 641 (1972); *Freed v. Bankers Life Insurance Co. of Nebraska,* 216 N.W.2d 357 (Iowa 1973).

In *Cragun,* the insurer denied payment to the beneficiary of decedent's group life insurance policy based upon the defense that the insured was ineligible for coverage under the policy. The Utah Supreme Court cited *Simpson* in following the discoverability analysis and held:

"In a 1969 case New York adopted the view that the incontestable clause is viewed normally with reference to manner of death. Risks which are considered limitations are those which could not be ascertained by the insurer by investigation at the time the policy of insurance was issued.

"We are of the view that the incontestable period whether provided for in the policy or by statute is simply a period during which time the insurer may by investigation guard against risks it did not intend to assume." *Cragun,* 492 P.2d at 643. In *Cragun,* the contestability period had expired and, therefore, the insurer was barred from raising the defense that the insured was not eligible for coverage under the group policy.

In *Freed,* the Supreme Court of Iowa analyzed the cases dealing with the issue of whether an incontestability clause bars the defense that the decedent did not meet the employment eligibility requirement and concluded that the *Simpson* discovery analysis was correct. In finding for the beneficiary, *Freed* held:

"We cast our lot with *Simpson. Conway* was concerned solely with the limitation of risks covered by the policy. It excluded death resulting from 'travel or flight in any species of aircraft, except as a farepaying passenger.' This limitation on coverage as to a presently existing condition (decedent's employment status) which could have been verified by the most cursory investigation at the time the policy was issued or at any time during the contestable period. The exclusion based on death from prohibited air travel, on the other hand, is meaningless if it cannot be asserted after the incontestable period has expired because the forbidden event may not occur until much later.

"This element of discoverability is vital to the *Simpson* analysis. It is the rationale upon which *Conway* was distinguished, and we think properly so.

"*Crawford v. The Equitable Life Assurance Society of the United States,* 305 N.E. 2d 144 (Ill. 1973) brushes this aside and adopts instead the theory advanced by *General American Life Insurance Co. v. Charleville,* 471 S.W. 2d 231, 236 (Mo. 1971)

which holds that such a result defeats one of the principal advantages of group insurance — economy resulting from 'self administration' of such insurance. This simply means that in group insurance much of the burden of deciding who shall be insured, the collection and payment of premiums, and other details is placed upon the master policyholder (here the Johnson County Broadcasting Corporation). This relieves the insurer from separately deciding such matters as to each individual and results in substantially lesser premiums.

"This argument might have greater validity if payment of claims was also to be self-administered; but if the insurer is to investigate and verify one's eligibility for insurance after the loss, the incontestability clause should require this same diligence before, if a defense such as is asserted here may be relied on to avoid the claim.

"In this regard we point out it appears to have been a simple matter for the insurer to discover after decedent's death that he was not an employee. Since that determination must be made at some time, why is it a hardship to demand it be made when it will permit the insurer to accept or reject the applicant?" *Id.* at 359. (emphasis in original)

Recent cases likewise have followed the *Simpson* discoverability analysis and held that the incontestability clause precluded the insurer from raising the defense that the decedent was not an eligible employee at the inception of the policy. *Hulme v. Springfield Life Insurance Company Inc.*, 565 P.2d 666 (Okla. 1977) (issue of employment eligibility goes to validity of policy); *Bonity v. Travelers Insurance Co.*, 374 Mass. 320, 331 (1978) ("It [incontestability clause] is designed to require the insurer to investigate and act with reasonable promptness if

it wishes to deny liablity on the ground of false representation or warranty by the insured."); *Jackson v. Continental Casualty Co.*, 412 So. 2d 1364 (La. 1982) (incontestability clause bars defense that beneficiary was not a "legal spouse" and therefore was ineligible for coverage); *Spear v. Guardian Life Insurance Company of America*, 112 N.Y.A.D. 2d 904 (1985) (relying on *Simpson* to reject insurer's argument that policy was void ab initio).

Based upon the rationale set forth in these cases, this court concluded that, in the instant case, the incontestability clause bars Safeco from raising the employment eligibility requirement as a defense to plaintiff's claim to the proceeds of the policy.

Safeco argues that after the expiration of the policy's two-year contestability period, an insurer may nevertheless decline coverage upon discovery of a change in the insured's work hours. This may be true, but these are not the facts of this case. No change in hours occurred here; in fact, the parties stipulated that Michael Groll *never* met the policy's full-time employment requirement. Secondly, Safeco drafted this incontestability clause to provide that Safeco will not contest "coverage" after two years thus, Safeco's incontestability clause is broader than Pennsylvania's statutory requirement that a "policy" is incontestable after two years, 40 Pa.C.S. §510(c). Thirdly, following the *Simpson* analysis, the defense of non-employment was easily discoverable by Safeco at the inception of the policy and for over three years thereafter. Consequently, employment eligibility must be deemed as a condition of insurance and, therefore, the incontestability clause bars Safeco from raising ineligibility as a defense to the validity of the policy after expiration of the two-year contestability period.

Since the policy was issued to the decedent on November 1, 1982 and Safeco never investigated Michael Groll's eligibility until after his accidental death on January 1, 1986, the policy was in effect for more than two years during the life of the insured and, therefore, the incontestability clause barred Safeco from raising the subsequent discovery of ineligibility as a defense to coverage.

The incontestability clause in the policy prevents defendant from raising the issue of employment eligibility because the death occurred more than two years after the deceased became a covered employee. Therefore, Safeco as a matter of law could not prevail at trial. Accordingly, this court properly granted plaintiff's motion for summary judgment.

Based on the foregoing analysis, the order of this court granting plaintiff's motion for summary judgment should be affirmed.